## G. W. WALKER TRADING CO. VS GRADY TRADING CO.

## Opinion delivered January 30, 1897.

*1. Laws of Choctaw Nation—Lease—Contesting Title of Landlord.*

The custom existing in the Five Civilized Tribes of Indians in allowing non-citizens to hold property for the purpose of residence and trade is too well established to be questioned, and when non-citizens peaceably acquire possession of such lands and erect improvements thereon they have as much right to lease such lands and improvements as a citizen of the Nation has, and the Choctaw law of October 28, 1887, requiring non-citizens, owning houses for the purpose of renting them, to dispose of such houses within sixty days, does not invalidate such lease as between parties, neither of whom are citizens of the Choctaw Nation.

*2. Foreign Corporation in Indian Territory—Right to Sue.*

A foreign corporation, pleading its incorporation and attaching a copy of its charter to its complaint establishes, prima facie, a right to sue in the United States Courts in the Indian Territory.

Appeal from the United States Court for the Central District.

YANCEY LEWIS, Judge.

Action of unlawful detainer by the Grady Trading Company against the G. W. Walker Trading Co. Plaintiff demurred to defendants answer, and demurrer was sustained and judgment rendered for plaintiff. Defendant appeals. Affirmed.

This is an action of unlawful detainer, brought in the United States Court in the Indian Territory, sitting in the

Central district, by the Grady Trading Company against the
G. W. Walker Trading Company, to recover the possession
of a storehouse valued at $10,000, and a piece of ground in
the town of South McAlester.   The complaint alleges, in
substance, that plaintiff is a corporation, organized under
the laws of New Jersey, and owning property and doing
business in the Central district of the Indian Territory under
a permit from the Choctaw Nation.  It alleges that it was
the owner of the property sued for, and on December 29,
1893, had leased, by a contract in writing, which was signed
by the parties, the property to defendants for a period of one
month, with the privilege of occupying for any number of
months, at a fixed rental, and reserved the right to terminate
the lease at any time by giving 30 days' notice ( and attached
a copy of the written contract of rental); that March 29,
1895, and at various other times thereafter before suit was
brought, demand was made for possession, and defendant
continued to occupy the property, and that there was due
plaintiff a sum for rent and damages; that plaintiff was
entitled to the immediate possession of the premises, and
defendants were wrongfully and unlawfully holding over
after the expiration of their term.   On April 27, 1896, the
defendants filed their substituted answer to the complaint
which denied the incorporation of plaintiff; the ownership by
plaintiff of the building; denied specifically that defendant
wrongfully or unlawfully held or detained possession of the
premises.   The answer admitted that the persons composing
the firm known as the Grady Trading Company were citizens
of the United States, and that the plaintiff leased the store
building mentioned in plaintiff's complaint, as stated in said
complaint, and that the defendants were in possession.  The
defendants then set up in their answer, as a defense, that the
plaintiff ought not to maintain its action, because by a law of
the Choctaw Nation approved October 28, 1887, noncitizens
of the Nation, owning houses for the purpose of renting

them, were required to dispose of the same within 60 days, or such houses were subject to seizure and sale; that, as a New Jersey corporation, the plaintiff could not lawfully hold buildings or other improvements in the Choctaw Nation, and rent them, and the renting of the same by plaintiff to defendants was in violation of the laws of both the United States and of the Choctaw Nation, and the contract entered into between them for such renting was void; and that by reason of the citizenship of plaintiff, the situation of the property, and the laws governing the same, the relation of landlord and tenant could not be created. To this substituted answer a demurrer was interposed by the plaintiff, and the demurrer was submitted to the court, and passed upon by the court and sustained, to which defendants duly excepted, and, standing upon their answer, judgment was rendered against them. From this judgment this appeal is taken.

*Townsend N. Foster* and *M. M. Lindley*, for appellants.

1. A corporation can make no contracts, and do no acts, except such as authorized by its charter and in the manner its charter authorizes. Bank of Augusta vs Earle, Pet. 518.

2. All persons, not members of an Indian Tribe are forbidden to make any settlement on lands granted to said tribe by treaty. Rev. St. U. S. § 2118. The laws of the Choctaw Nation, pp 248, § § 2, 3, and 268 prohibits the making of such leases as the one in controversy. Before appellee could lawfully do business in the Choctaw Nation, it was required to take out a permit from the Principal Chief. vs Choctaw Nation, pp 237. This appellee failed to do.

3. A corporation created by one state cannot exercise any of its functions or privileges in another state, except by authority and consent of the latter. Liverpool, etc. Ins. Co. vs

Oliver, 10 Wall. 566.   A state may prescribe terms upon which a foreign corporation may be allowed to carry on business within its borders.   Cooper Mfg. Co. vs Ferguson, 113 U. S. 727.   The Choctaw Nation has prescribed conditions which must be complied with by non-citizens doing business within the Nation.   Laws Choctaw Nation, pp 268. Appellee has not complied with these conditions and the lease is void because contrary to the laws of the Choctaw Nation.   There can be no civil right where there is no legal remedy, and there can be no legal remedy for that which is itself illegal.   Bank of U. S. vs Owens, 2 Pet. 525.   Leases that contemplate the doing of an illegal act are void.  Dupas vs Wassell, 1 Dillon 214.

*J. W. McLoud,* for appellee.

1.  · Appellee is a foreign corporation, which under the law must be held to be a non-citizen, as a corporation is a person.   Bank vs Earle, 13 Pet. 519.   The Choctaw Law prohibiting non-citizens from renting their lands and improvements has been held invalid by Judge Stuart in Sarll vs Peabody, and by Chief Justice Springer in W. H. Ansley Sheriff vs J. W. McLoud, Trustee, et al.   There is no corporation law in the Indian Territory, either for the formation, or regulation of corporations.   The law of New Jersey entitled "An Act Concerning Corporations" approved April 7, 1875, and supplementary acts gives corporations, among other powers the right to "hold, purchase and convey such real estate as the purposes of the corporation shall require. The power of foreign corporations to take, hold and transfer real estate depends primarily upon the law of the local jurisdiction, without any particular reference to the power vested in it by its charter.   Murfree on Foreign Corporations, § § 22, 343, 344.

2. The cases cited by appellant are not in point. The Choctaw Nation is not a state. The validity of contracts between citizens of the United States, which are binding and valid under the laws of the United States, or of the states where made, is not affected by the customs or the laws of the Indian Tribes or Nations. Anheuser-Busch Brewing Ass. vs Bond, 66 Fed. 653. The lease in question is not against the Public Policy of the Choctaw Nation. The public policy of the Choctaw Nation is the reverse and sustains the lease. The design to prejudice the public interest must clearly appear to warrant the court in denouncing a contract as void. Greenhood on Public Policy, Rule 129, pp 116; 117. Richmond vs Railroad Co. 26 Ia.191, 202; Kellogg vs Larkin, Pinney (Wis.) 123; S. C. 56 A. D. 164. No court ought to refuse its aid to enforce a contract on doubtful or uncertain grounds. Swann vs Swann, 21 Fed. 299. If the policy of a state or territory does not permit the business of a foreign corporation within its limits, or allow the corporation to acquire or hold real property, it must be expressed in some affirmative way. Cowel vs Springs Co. 100 U. S. 55, 59, 60.

3. The tenant cannot dispute his landlord's title. Hector vs Gibbon, 111 U. S. 276; Blight's Lessee vs Rochester, 7 Wheat. 533. And even if the lease in question technically illegal, appellant cannot question it for that would permit him to take advantage of his own wrong. This principle has been upheld in this case in White vs Brown, 1 Ind. Ter. 98.

SPRINGER, C. J. (after stating the facts.) The counsel for appellants, in their brief and argument, contend that their answer as defendants below denied some material matters alleged, and necessary to entitle the plaintiff to recover, and set up some defensive matters, and the demurrer, being general to the whole answer, should not have been sustained, and further submit the following question: "Can

the relation of landlord and tenant be created by parties entering into an illegal and void contract of renting, by one, who under the law has no legal right to own or hold possession of property, putting another into possession of that property under a promise to pay rent therefor?" Counsel for appellants then contend that the appellee cannot maintain its action, because the kind of action brought depends, in this jurisdiction, upon the existence of the relation of landlord and tenant. The question submitted by appellants' counsel assumes that the contract for the lease of the premises in question was illegal and void, and that it was made by a person who had no legal right to own or hold possession of property, or to put another into possession of that property under promise to pay rent therefor. This contention is based upon the chief, and, in fact, only, defense set up in the case below, namely, that a New Jersey corporation cannot lawfully hold buildings or other improvements in the Choctaw Nation, and rent them, and that appellants, notwithstanding they had made a contract of rental with appellee, by which they obtained possession of the premises in question, might disregard that contract, and hold possession of the premises against the appellee. All of the parties to this suit are citizens of the United States. The appellee is a foreign corporation, and, in its complaint, pleads its incorporation, and attaches a copy of its charter to the complaint. It therefore establishes prima facie a right to sue in the United States Court in the Indian Territory, and should be regarded as a citizen of the United States for the purpose of this suit.

The only contention in this case which requires consideration on our part is that which alleges the invalidity of the contract of rental, and the inability of the plaintiff (appellee) to make a lease of the kind in question, or, having made one, to enforce its observance. It is conceded by the pleadings that the plaintiff below, the Grady Trading

Company, was the owner of, and was in possession of, the building in controversy, and that it was in peaceable and undisputed occupancy of the lot or piece of land in the town of South McAlester, in the Choctaw Nation, upon which the building was located. It is also conceded that the appellants in this case made and executed a lease in writing, in the usual form, with appellee, by which they obtained possession of the building, and agreed to pay a rental of $5 per month, and to quit possession at any time after 30 days, notice, and to deliver the premises back to the appellee. After possession had been obtained, and a month's rent had been paid, appellants declined to make further payments, declined to return the property to the appellee, and, having been sued in an action of unlawful detainer, set up as their defense that the appellee cannot own the building in question, in the Choctaw Nation, and therefore the contract of rental was void. In the case of Association vs Bond, 13 C. C. A. 665, 66 Fed. 653, Mr. Justice Caldwell said: "The validity of a contract between citizens of the United States, valid under the laws of the United States and of the states where made, is not affected by the customs or laws of Indians in whose territory it must be carried out." Mr. Justice Field, of the Supreme Court of the United States, in delivering the opinion of the court in the case of Rector vs Gibbon, 111 U. S. 276, 4 Sup. Ct. 605, said: "Lessees under claimant or occupant, holding the property for him, and bound by their stipulation to surrender it to him on the termination of their lease, stand in no position to claim an adverse and paramount right of purchase. Their possession, in law, his possession. The contract of lease implies, not only a recognition of his title, but a promise to surrender possession to him on the termination of the lease. They therefore, whilst retaining possession, are estopped to deny his rights." The rule which declares that a tenant cannot dispute

*[margin note: Contract. Not affected by Indian laws.]*

*[margin note: Lease. Estoppel.]*

his landlord's title is too well established to require citation of authorities to support it.

The contention of the appellants that the contract was in violation of the law of the Choctaw Nation is untenable. Neither plaintiff nor defendants were citizens of the Choctaw Nation, and no law of that Nation will apply to them, or control the property which they might hold. The custom which prevails in the Nations of the Five Civilized Tribes of permitting citizens of the United States to own improvements on town lots for the purposes of residence and trade, is too well established to be questioned; and when citizens of the United States become possessed peaceably of lots in the towns in the Indian Nations of the Five Civilized Tribes, and erect improvements thereon, they have as much right to lease and dispose of such improvements as the citizens of the Naitons would have. A contract of rental, by a citizen of the United States, of lands or lots in the Indian Territory is valid, to all intents and purposes, where all the requisites of a valid contract are complied with; and a person who enters into a contract to lease such improvements canno question his landlord's title, and is subject to the statute in force in the Indian Territory for the purpose of obtaining possession of such premises by an action of unlawful detainer, the same as if the property was located in any of the states of the Union, under a similar law.

The contention of the counsel for appellants that no withstanding they had made a contract in apparent good faith for the leasing of the premises in question, and under that contract had obtained peaceable possession of the improvement, they might then dispute the landlord's title, and refuse to return the property to him, is wholly untenabl Such a contention would reverse and set aside all the we known and established principles of law. It would prem persons to take advantage of their own wrongs, and to d

*Landlord's title cannot be questioned*

tain property under false pretenses. The doctrine is essentially dishonest, and, if carried into effect by the courts, would make of them engines of oppression, rather than tribunals for the purpose of maintaining justice. As well contended by counsel for appellee in his brief, "it would unsettle property rights, destroy vested interests, and open the door for fraud and dishonesty." While titles to buildings and improvements on lands or lots, so far as citizens of the United States are concerned, are in an unsettled and uncertain condition in the Indian Territory, yet good faith, fair dealing, and justice between man and man require that such titles must be maintained by the courts, at least to the extent that all contracts made in reference to them must be construed by the ordinary rules of right and justice, and all persons must respect the rights and titles of those in possession, whatever they may be; and no person can interfere with those rights, except by due process of law in the courts of justice. The judgment of the court below is affimred.

KILGORE, J., concurs.