CAMPBELL VS SCOTT, ET AL.

Opinion delivered October 6, 1900.

1. *Cherokee. Laws—Court Does not Take Judicial Notice Of.*

In an action brought by a Cherokee Indian to recover of her guardian moneys collected by said Guardian, it appeared neither in the transcript nor in the bill of exceptions what the provisions of the Cherokee laws relative to the duties of guardians are, and therefore the rights of the parties herein cannot be determined with relation to such statutes, for the court will not take judicial knowledge of same.

2. *Guardian and Ward—No Action Lies Against Guardian until Final Settlement of Guardianship.*

By Act of Cong. June 28, 1898, Sec. 28, the indian courts are abolished and all causes then pending in such courts are transferred to United States courts in the Territory, there to proceed as if originally instituted therein. It is the settled law governing the latter courts that a ward may not maintain an action against her guardian for moneys collected by him, until a settlement of the guardianship proceeding is had or a refusal by the guardian to comply with some order of court relative to such settlement.

3. *Guardian and Ward—Action—Misjoinder.*

In an action by two wards against their guardian for the recovery of moneys claimed to have been collected by the guardian and not turned over to them, where one of the wards is of age and the other a minor, there is a misjoinder of parties, for their remedies are several and not joint.

4. *Married Women—Cannot be Guardians of Estates, only Persons.*

Under Mansf. Dig. Sec. 3486 (Ind. Ter. Stat. Sec. 2382) no married woman can be guardian or curator of the estate of a minor, but may be guardian of the person of such minor. And where a complaint alleges that plaintiff is a married woman and the guardian of the estate of her co-plaintiff, a demurrer to the complaint should have been sustained, and same was improperly overruled.

5. *Second Demurrer—Properly Denied Hearing by Another Judge, Though First was Improperly Overruled.*

Were defendant, after his demurrer was overruled, filed an answer, and upon the calling of the case for trial before another judge, withdrew his answer and asked leave to again interpose a demurrer, it was not error for the court to deny this permission, because the demurrer had formerly been overruled by another nisi prius judge, on whose decisions he could not sit in judgment; and, the defendant declining to plead further, default judgment was properly rendered against the defendant.

Appeal from the United States court for the Northern district.

JOHN R. THOMAS, Judge.

Action by Elmira Scott and another against J. E. Campbell, as guardian of Elmira Scott and Lucy Reed. Judgment for plaintiffs. Defendant appeals. Reversed and dismissed.

On May 9, 1898, this action was brought by Elmira Scott, and Elmira Scott as guardian for Lucy Reed, against J. E. Campbell, guardian of the minor heirs of Luman Reed, deceased. Plaintiffs allege they are Cherokees by blood, and entitled to share in the distribution of the Strip fund which the treasurer of the Cherokee Nation disbursed in 1894: that each Cherokee was entitled to $265.70; that at

that time plaintiffs Elmira Scott, who was then Elnira Reed, and Lucy Reed, were both minors, and that defendant was appointed guardian of both said minors by the judge of Cooweescoowee district, Cherokee Nation, and drew from the said treasurer of the Cherokee Nation $531.40 which belonged to them as their pro rata share of said Strip fund; that the plaintiff Elmira Scott has since said payment married, and by reason of her said marriage has become of age, and that on the ———day of January, 1895, the said Elmira Scott was appointed guardian of the said Lucy Reed by the said judge of Cooweescoowee district; that plaintiffs have made demand on the defendant for the money, and asked that he settle with them, but he has failed and refused to do so. Wherefore plaintiffs ask judgment. Summons was issued on September 2, 1898, and on the 5th day of September, 1898, service of same was waived by defendant, J. E. Campbell, guardian, and on October 13, 1898, defendant filed his demurrer to plaintiffs' complaint, which is as follows: "(1) That the court has no jurisdiction of the person of the defendant or the subject of the action; (2) that the plaintiff has no legal capacity to sue; (3) that there is a defect of parties plaintiff; (4) that the complaint does not state facts sufficient to constitute a cause of action." On October 15, 1898, the demurrer was heard and overruled by the court. Defendant excepted, and was allowed 10 days to answer. On the 2d of November defendant filed his answer. On the 10th of March, 1899, the case came on for trial, and the following proceedings were had: "This cause being called for trial, the plaintiffs being present by their attorney, J. S. Davenport, and the defendant being present by his attorneys, Dooley & Keith and Mellette & Smith, the defendant, by leave of the court, withdrew the answer herein filed on the 2d day of November, 1898. The defendant then, after the withdrawal of said answer, as aforesaid, asked leave to file a second demurrer to plaintiff's complaint. Leave de-

nied by court as not being in time, to which the defendant excepts. Defendant was then called and default judgment rendered for plaintiff and against defendant for the sum of five hundred and thirty-one dollars and forty cents ($531.40), with interest at the rate of six per cent. per annum from July 7, 1894; to which the defendant excepts. The amount of this judgment to be collected and paid into court for proper distribution by the probate division, to which the defendant excepts." On March 11, 1899, defendant filed motion for new trial, which was overruled by the court, and defendant appealed to this court.

*H. C. Dooley* and *J. H. Keith,* for appellant.

*Davenport & Dugger,* for appellees.

TOWNSEND, J. The appellant filed six specifications of error, but from our view of the case the first is the only one necessary to consider. It is as follows: "(1) The court erred in overruling defendant in error's demurrer to the complaint of plaintiff in error, which ruling was duly excepted to by the defendant." Neither the transcript of the record nor the bill of exceptions shows what the provisions of the Cherokee statutes are in regard to the duties and obligations of guardians, and this court cannot take judicial notice of those statutes. In Wilson vs Owens, 30 C. C. A. 257, 86 Fed. 573, 574, the circuit court of appeals says: "Any attempt, therefore, to take judicial notice of the local laws of the various tribes in that territory would be attended with doubt and difficulty, and would lead to error. We think that it is wiser to place such laws on the footing of local usages and customs, and to require them to be pleaded and proven by litigants who rely upon them for protection, if they are at variance with the code of municipal law which has been extended over the Indian Territory for the guid-

*Indian laws. Courts will not take judicial notice of.*

(31)

ance of the United States courts sitting therein. We are of opinion that this view, if acted upon, will, in the great majority of cases, lead to a more correct and just administration of the law.'' By section 28 of the Curtis bill the Indian courts are abolished, and all causes then pending in any such court shall be transferred to the United States court in said territory by filing with the clerk of the court the original papers in the suit. Now, the complaint in the suit at bar alleges that the defendant is the guardian of the plaintiff, and also of Lucy Reed. It nowhere appears that the defendant, J. E. Campbell, has ever been removed, or that any attempt has ever been made to remove him. The plaintiff does not show, either, that a final settlement as guardian has ever been demanded of appellant. Neither does it show that he has ever refused to comply with any order relative to making a settlement of the accounts of said estate that may have been issued by the proper court.

**No action lies against guardian until settlement of guardianship.** ''Until there is a final settlement of a guardian's account in the probate court, and an order of the court for him to pay over some balance found due his wards on such settlement, there is no legal cause of action.'' Vance vs Beattie, 35 Ark. 93; Sebastian vs Bryan, 21 Ark. 447; Norton vs Miller, 25 Ark. 115. Under the authority laid down in Norton vs **Guardian and ward. Misjoinder.** Miller, 25 Ark. 108, this action could not be maintained for the reason that the remedy of the heirs is several, and not joint; one of them being of age and the other yet a minor. The plaintiff should bring the record of the appointment of J. E. Campbell into the United States court, and demand a settlement of these guardianship matters, or his removal. **Married woman may not be guardian of estate.** Under section 3486, Mansf. Dig. (section 2382, Ind. T. Ann. St. 1899), which is as follows: ''No married woman shall be a guardian or curator of the estate of a minor; and if any woman, after the appointment, marry, the marriage shall operate as a revocation of her appointment; but a married woman may be guardian of the person of a minor, and mar-

riage after appointment shall not operate as a revocation thereof,"—the plaintiff in this case, being a married woman, could not be the guardian of the estate of Lucy Reed. Hence we are of the opinion that this suit is not the proper proceeding for these wards to pursue.

The demurrer was overruled by Judge Springer, and thereupon defendant filed answer. Upon the case being called for trial, defendant withdraw his answer, and asked leave to file a demurrer to the complaint. Judge Thomas, then presiding, held that, since Judge Springer had passed upon the demurrer, he could not sit in judgment upon the rulings of a brother nisi prius judge. The defendant having refused to plead further there was nothing left for Judge Thomas to do but to enter the default judgment as he did. The error in the case was in Judge Springer overruling the demurrer to the complaint, and for this error the judgment is set aside, and the case reversed, with directions to the court below to dismiss the case. Reversed and dismissed.

*Demurrer not entitled to second hearing by different judge.*

CLAYTON, C. J., and GILL, J., concur.