KELLY vs CHURCHILL, ET AL.

Opinion delivered September 25, 1902.

1. *Injunction—Complaint—Sufficiency of on Demurrer.*

Where a complaint in equity, praying an injunction, recites that plaintiff was in the hay business, purchasing grass from Cherokee citizens grown on their allotments, and making same into hay; that he had loaded a lot of hay on cars to fill contracts and had other contracts for furnishing more hay; that there was no tax or royalty due on said hay; that defendants had conspired together to prevent his shipment of such hay until he paid a tax or royalty claimed by them; that defendants are insolvent; and that the railroad company was, by reason of the actions of defendants, refusing to ship his said hay; *Held,* that such complaint stated sufficient ground for the relief demanded, as against a demurrer.

2. *Indian Laws—Courts will not take Judicial Notice of.*

The U. S. Courts in Indian Territory will not take judicial notice of the laws of the Cherokee Nation.

Appeal from the United States Court for the Northern District.

JOSEPH A. GILL, Judge.

Action by Fred L. Kelly against Frank Churchill and others. Judgment for defendants. Plaintiff appeals. Reversed.

The complaint in this case is as follows: "The plaintiff states that he resides in the incorporated town of Vinita, Cherokee Nation, Indian Territory, and that he is a citizen of the Cherokee Nation, a white man, and a citizen of the United States, and that the constitution of the United States, and the laws of the United States made in pursuance thereof, and the treaties made under

the authority of the United States, are in full force and effect therein, both as to limitations upon the power of executive officers, and also for the protection of private property; that defendant J. Blair Shoenfelt is United States Indian agent at Muskogee, and defendant J. George Wright is United States Indian inspector for the Indian Territory, and defendant Frank Churchill is a revenue inspector under said Indian agent, as he claims, for the Cherokee Nation, and that defendant Arthur Chamberlain claims to be an Indian policeman, acting under orders from the said Wright, Churchill, and Shoenfelt, and defendant Horace Gray also claims to be an Indian policeman, acting under orders from the said Wright, Shoenfeld and Churchill, that the plaintiff herein is engaged in the hog business,having his office at Vinita, and that his business consists in buying baled hay from citizens of the Cherokee Nation, or from vendees of such citizens, and in buying grass from citizens of the Cherokee Nation, and having the same manufactured into hay and prepared for market, and in shipping the said hay so bought and manufactured, in car-load lots, to other portions of the United States, both for sale on the market, and also to fill contracts with customers in the states of the United States, and the territories of the United States, and other portions of the Indian Territory; that, by attending to said business for several years last past, plaintiff has built up for himself a large and valuable trade in hay, and that he and others with him in the same business have built up a market for the products of the farms of the Cherokee citizens in the neighborhood of the stations of the Missouri, Kansas & Texas Railway Company, and also the St. Louis & San Francisco Railway Company; that under the provisions of the Curtis bill, and other laws regulating the holding of lands in the Cherokee Nation and enjoying the usufruct thereof, each and every citizen of the said nation is entitled to be in possession and enjoy the usufruct of as much of the grazing and agricultural lands in said nation as would justly and reasonably be the share of himself, his wife and minor children, in case the

same were allotted, and also to rent the same and allow the lessee to receive the products thereof; that under the Cherokee laws and customs each citizen was entitled to the products of such as he saw fit to inclose; that under such provisions of law this plaintiff, for the purpose of making hay for export purposes, has made contracts with citizens of the Cherokee Nation in the possession of grass lands for the purchase of the grass within their inclosures, and upon those portions of the lands in their possession which would be the just and reasonable portion of such citizen and his wife and minor children, and has also made similar contracts with lessees who hold such lands under leases made with citizens of the nation, and he has made other contracts for hay already manufactured that either has been grown the present season on lands so held by citizens of the Cherokee Nation, or will be so grown the present season; that in all cases the grass and the hay manufactured from the grass which plaintiff will handle will be grown on lands which are inclosed, and which are in the actual possession of some citizen of the Cherokee Nation, or his tenant, and the products of which are salable without payment of royalty or export tax; that plaintiff also had made contracts to supply hay to various parties out side of the Indian Territory; that this plaintiff has facilities for handling 600 cars of hay, of 10 tons each, during a season, and that, if uninterfered with by the defendants, he will be able to handle same in his business the present year; that the defendants herein claim that they have a right to demand of this plaintiff twenty cents in advance for each ton of hay he may ship from the limits of the Cherokee Nation, no matter from whom purchased, and that they have a right to seize and detain each car of hay, when offered for shipment, until this claim is satisfied, and that this plaintiff has no right to ship any hay except by their permission; that these defendants have conspired together to prevent this plaintiff from shipping any hay from the Cherokee Nation unless he pays to them the said twenty cents per ton, which they sometimes claim is due as royalty, and sometimes

as a tax, but the ground for the claim this plaintiff cannot discover in the law; that the defendants herein claim that they are not subject to the law or its processes, but that the regulations and directions of the secretary of the interior are all the law they need; that this plaintiff now has on board the cars of the M., K. & T. Railway Company two cars of hay which was purchased of citizens of the Cherokee Nation, and which was grown upon enclosed lands in said nation, which were in possession of citizens of the Cherokee Nation, and which did not exceed the pro rata share of said citizens under the Curtis law, but that, by reason of the threats of the defendant, he has not been able to get the said company to move them, and that defendants claim that they have seized one of said cars, and are now holding the same; that this plaintiff has asked said company to move said cars to their destination, which is beyond the limits of the Cherokee Nation, and has tendered all freight charges, but, owing to the influences of the defendants, said company, totally disregarding its dutiese has so far failed to carry said hay, and demands that a release be obtained from the defendants, which they refuse to grant; that the plaintiff has other cars of similar hay now on the tracks of th, St. Louis & San Francisco Railway Company, and that defendants are doing all they can to prevent their being moved, and the plaintiff is informed and believes that this will daily occur if defendants carry out their threats which they have made to prevent the plaintiff shipping hay unless he pays them twenty cents for each ton shipped; that frequent delays in shipments are occurring by reason of defendants holding up the shipments, and this plaintiff has already lost, by way of car service and loss of favorable markets, considerable moneys; that, as the plaintiff is informed and believes, there is no law authorizing the defendants to collect of this plaintiff any tax or royalty on the hay he handles, and that for some time they have continued to harass and vex this plaintiff by threats to seize his property and eject him from the country; that, as the plaintiff is informed and believes, there is not one of

(9)

the defendants against whom a judgment for damages could be collected by law; that the damages to the plaintiff's trade as a hay dealer already accrued and which will accrue as a result of defendant's interferences is inestimable and incapable of being definitely ascertained, and, to obtain redress at law, it would be necessary to resort to mandamus proceedings, as well as numerous replevin or damage suits; that the conduct of the defendants herein is wholly without warrant of law, and that they persist therein for the purpose of annoying the plaintiff so as to make him accede to their illegal exactions and demands, and, unless they be restrained, they will destroy his business, and will, by their conduct, force him to resort to innumerable suits to obtain redress against the common carrier engaged in business in the Indian Territory, over whose lines the plaintiff desires to ship, as well as be forced to defend innumerable suits by reason of his failure to fulfill his contracts with parties with whom he has contracted to furnish hay, and parties with whom he has contracted to purchase hay. Plaintiff says defendant Chamberlain resides at Vinita, and the others in the Northern district. He therefore asks: (1) That defendants and all persons acting under them be restrained from further interference with the cars plaintiff now has on the track; (2) that they be restrained from interfering with all hay of a similar kind that the plaintiff shall offer in future for shipment; (3) that they be restrained from seizing the plaintiff's hay,—both that now on track, and any other similar kind he may offer in future for shipment; (4) that they be restrained from in any manner undertaking to collect royalty or tax on said hay, as well as all similar hay offered for shipment by plaintiff; (5) that they be restrained from in any manner annoying this plaintiff by reason of his failure or refusal to pay the said royalty or the so-called tax; (6) that plaintiff have all relief to which in equity and good conscience he is entitled." To this complaint the following demurrer was interposed by the defendants: "Now come said (defendants) and demur to the complaint in equity of said plain-

tiff, and for grounds for their demurrer say: First, this court has no jurisdiction of the subject-matter of said complaint; second, that said complaint does not state facts sufficient to constitute a cause of action." This demurrer was sustained by the court, and the plaintiff declining to plead further, judgment was rendered for the defendants. Exceptions were duly saved, and the cause was regularly appealed to this court.

*W. H. Kornegay,* for appellant.

*P. L. Soper,* for appellee.

CLAYTON, J. The complaint, in short, alleges that the plaintiff was engaged in the hay business at Vinita, Cherokee Nation; that he procured, by purchase, grass, and made it into hay from lands held by Cherokee citizens, not in excess of their prospective allotments; that he had loaded a quanity of hay, so procured on certain cars of the Missouri, Kansas & Texas Railway Company, to be shipped to the market, and to certain customers with whom he had contracts of sale for said hay; and that he had other contracts for hay to be thereafter shipped. He states, in substance, that there was no tax or royalty due or collectible upon it, either under the laws of the Cherokee Nation or of the United States. He further states that the defendants have conspired together to prevent him from shipping any hay from the Cherokee Nation unless he pays to them 20 cents per ton, which they claim as a tax or royalty due upon it, and that they have seized and now hold one car load, and threaten to seize all he may attempt to hereafter ship, and that the railway company, by virtue of this conduct and these threats upon the part of the defendants, refuses to haul his product to the markets; and that the defendants are insolvent; and all this is admitted by the demurrer to be true. We presume that the court, in sustaining the demurrer, took into consideration certain Cherokee statutes relating to taxes or royalties on hay; but they had not been pleaded, and the

court could not judicially know what the Cherokee law was. Wilson vs Owens, 30 C. C. A. 257, 86 Fed. 571.   There is no law of the United States, or treaty stipulation, imposing any tax or royalty on hay in the Cherokee Nation, and therefore the complaint stated a good cause of action, and the demurrer should have been overruled.

Reversed, with directions to the court below to overrule the demurrer to the complaint, and to proceed with the case in accordance with law.