ELLIS v. FITZPATRICK.

(Circuit Court of Appeals, Eighth Circuit. October 27, 1902.)

No. 1,701.

1. LANDLORD AND TENANT—ACTION OF DETAINER—DENIAL OF LANDLORD'S TITLE.

In an action of detainer in the Indian Territory between white men who are citizens of the United States, the rule that a tenant cannot deny his landlord's title applies as fully as elsewhere; and it is no defense by a tenant who has been put into possession of a lot, and has paid rent under his lease, that the landlord has not made improvements on the property of the permanent and substantial character required to entitle him to obtain title to the lot.

2. SAME—INDIAN TERRITORY—VALIDITY OF LEASES BETWEEN WHITE MEN.

The Atoka agreement (30 Stat. 495) did not have the effect of annulling all leases of lots between white men in the Choctaw and Chickasaw Nations, but, rather, recognized their validity, by providing the means for transference of the legal title.

3. SAME—TERMINATION OF LEASE.

Under a lease for one month, and from month to month thereafter until terminated at the option of either party, or by the failure of the lessee to pay the rent, an action of detainer lies where the lessee has refused to pay rent or to surrender the premises after written demand therefor.

4. SAME—ACTION FOR UNLAWFUL DETAINER—SUFFICIENCY OF COMPLAINT.

The sufficiency of a complaint in an action for unlawful detainer is not affected by the fact that it also seeks to recover rents which accrued prior to the commencement of the action.

In Error to the United States Court of Appeals in the Indian Territory.

F. E. Riddle, for plaintiff in error.

M. M. Beavers and D. D. Sayer, for defendant in error.

Before SANBORN and THAYER, Circuit Judges, and LOCHREN, District Judge.

THAYER, Circuit Judge. This case comes on a writ of error from the United States court of appeals in the Indian Territory (64 S. W. 567), which court affirmed the judgment of the United States court for the Southern district of the Indian Territory; the latter judgment being in favor of Theo. Fitzpatrick, the present defendant in error, who was the plaintiff in that court. The case was treated at nisi prius and by the court of appeals in the Indian Territory as an action of unlawful detainer, and was tried as such, without objection, before a jury, which returned a verdict in favor of the plaintiff. No exceptions were taken to the admission or exclusion of evidence, nor were any instructions asked by either party, save a general instruction at the conclusion of the evidence to find for the defendant. This instruction seems to have been asked by the defendant below for no other purpose than to raise questions which had already been raised by a demurrer to the complaint, so that the substantial question to be decided is whether the complaint, on its face, stated a cause of action. The complaint to which the demurrer was addressed contained, in substance, the following allegations: That Fitzpatrick was in the peaceable possession of a lot of ground in the village of Chickasha, in the Indian Territory, in the year 1897; that during that year, by a verbal agreement, he leased the lot in question to J. P. Ellis "for the term of one month, and from month to month thereafter until terminated at the option of either party, or by the failure of the lessee to pay rent therefor according to the terms of the lease, at a monthly rental of five dollars per month, payable in advance"; that the defendant, Ellis, went into possession of the premises under said lease, and that he and those under him paid rent to the plaintiff; that they had refused, notwithstanding frequent demands for the rent were made, to pay the same after April 1, 1898, this suit having been brought in February, 1899; that the plaintiff had made a written demand for the possession of the property prior to bringing the suit, and that, notwithstanding such demand, the defendant had refused to surrender possession of the premises; and that rent at the rate of $5 per month was due from April 1, 1898, the rental value of the premises being that amount.

It was alleged by the defendant, as the principal ground of the demurrer, that the complaint was defective, in that it nowhere alleged that the plaintiff, at the time of or prior to the institution of the suit, had made any improvements on the demised premises that were of a permanent and substantial character. It is claimed that the complaint stated no cause of action, because it failed to contain such an allegation. With reference to this contention on the part of the defendant, the court of appeals in the Indian Territory said, in sub-

stance,—and we think that the proposition so enunciated is sound,—that a tenant cannot, in the Indian Territory, any more than elsewhere, deny the title of his landlord, under whom he has entered into possession of premises, and to whom he has paid rent, because there were no valuable improvements on the leased premises when he entered. We are aware of no rule of law which permits a tenant to deny the title of his landlord for that reason. By receiving possession of land from the landlord, of which he was in peaceable possession at the time of the demise, and by engaging to pay rent therefor, and by actually paying it, the tenant estops himself from denying or finding fault with his landlord's title. This rule should be applied in the Indian Territory as it is elsewhere, especially when, as in the case at bar, the controversy is between citizens of the United States who are not members of any Indian tribe, either by nativity or adoption. The United States court of appeals in the Indian Territory decided (Ellis v. Fitzpatrick, 64 S. W. 567) that there was no merit in the defendant's contention that the Atoka agreement, so termed (vide 30 Stat. 495, 500, c. 517), annulled all leases between white men of town lots in the Choctaw and Chickasaw Nations. It also said, in substance, that, if the act in question had any effect on such contracts, its effect was rather to validate them, in that it recognized the validity of such holdings by white men in towns and villages, and provided a means for the transference of the legal title, thereby removing any objection which might theretofore have been urged against the validity of such contracts between white men. We are of opinion that this was a correct view of the act in question, and that nothing therein contained can be held to justify the contention that Ellis was entitled to challenge his landlord's title because it was not alleged that permanent improvements had been erected on the demised premises.

Another point which is urged in support of the demurrer is that the only ground alleged for bringing an action of unlawful detainer was the nonpayment of rent, and it is said that this fact did not constitute a sufficient foundation for the action. Relative to this proposition, it is sufficient to say that the complaint showed that the lease, by its terms, was terminated by the nonpayment of rent, and that the action was well brought because it appeared that the tenant had held over after the natural termination of the lease, and had refused to surrender possession after demand made therefor in writing.

The third and final objection to the complaint is that it seeks to recover rents which accrued before the filing of the complaint, but this is a matter which does not touch the sufficiency of the complaint, in that it only goes to the measure of recovery.

We are of opinion that the complaint stated a good cause of action for unlawful detainer, and as this is the only question which is before this court for review, and as it was correctly decided by both of the lower courts, the judgment of each court is hereby affirmed.