SASS ET AL. VS THOMAS ET AL.

Opinion delivered October 5, 1901.

*1. Indian Lands—Chickasaw Nation—Leases Void, if for More Than One Year.*

Sec. 2, Act of October 10, 1876, Laws of Chickasaw Nation, 105, provides citizens are permitted to lease lands for a term not exceeding one year; and leases for a longer period are void. So that, at end of a year a landlord may declare the lease at an end, regardless of its terms, and re-enter and take possession of the land.

*2. Landlord and Tenant—Unlawful Detainer—Estoppel.*

Where defendants succeed to the rights of a lessee of Indian lands, who had theretofore recognized the lessor as their landlord, they are estopped from disputing the title of their lessor's landlord, and also from asserting an outstanding title against him.

*3. Unlawful Detainer—Damages—Verdict on Evidence of Plaintiff Alone Will Not be Disturbed.*

In an action of unlawful detainer where, after the pleadings were settled, the only issue remaining to be tried was the value of the premises in controversy, and the defendants failed to introduce any evidence on this question, though allowed the privilege of so doing, the judgment of the court based upon the verdict of the jury will not be disturbed on appeal.

Appeal from the United States Court for the Southern District.

HOSEA TOWNSEND, Judge.

Action by Minnie Thomas and another against Morris Sass and J. D. Crawford, doing business under the firm name of Sass & Crawford. Judgment for plaintiffs. Defendants appeal. Affirmed.

This is an action of unlawful detainer on the part of

Minnie Thomas and another, as plaintiffs, against Sass & Crawford, a firm composed of Morris Sass and J. D. Crawford, as defendants, to recover a certain tract or parcel of land situated in the town of Ardmore, Ind. T. The plaintiffs are husband and wife, and are both citizens of the Chickasaw Nation,—Minnie Thomas by blood, and her husband, Charles Thomas, by intermarriage,—and both are residents of Ardmore, Chickasaw Nation; and the defendants, Sass & Crawford, are both citizens of the United States. The complaint in the action states that on October 20, 1894, Minnie Thomas was the owner of the tract of land sought to be recovered herein, and rented said lot to Munzesheimer & Daube for a period of three years, beginning October 20, 1894, and ending October 20, 1897; that said firm occupied said lot until some time in December, 1897, when the defendants, Sass & Crawford, bought out the unexpired term of Munzesheimer & Daube upon said lot, and took possession of the same as the tenants of the plaintiff Minnie Thomas; that the term of rental expired October 20, 1897, under the lease, and plaintiff gave notice to them to vacate and surrender the property; that they are now unlawfully and without right holding possession of said premises, whereby plaintiffs have been damaged in the sum of $3,000; that the reasonable rental value of the lot is $1,500 per year; and they pray for a writ of possession, and that they have damages against them for rents on said lot from October 20, 1897, at $1,500 per year.

To this complaint, defendants Sass & Crawford filed their answer, and deny that said Minnie Thomas was in her own right the owner of the land described in the complaint; deny that she rented said lot to defendants for the period of three years, beginning the 20th day of October, 1894, and ending October 20, 1897; deny that the term or right of Munzesheimer & Daube to use and occupy said premises expired on the 20th day of October, 1897; deny that they now unlawfully withhold possession of said premises, or have

unlawfully withheld the same after notice; deny that the plaintiffs have suffered any damage whatever; and, for a further answer, say that Minnie Thomas rented said premises on October 20, 1894, to Munzesheimer & Daube, under a written contract, as follows: "Indian Territory, Chickasaw Nation. This contract this day made and entered into by and between Minnie McCauley, party of the first part, and Herman Munzesheimer and Sam Daube, parties of the second part, witnesseth, that for the consideration hereinafter mentioned the party of the first part hereby lets unto the party of the second part for the term of three years, beginning on the date hereof, and ending on the 18th day of October, 1897, the following described premises, to-wit: Situated just east of the railroad in the town of Ardmore, Indian Territory, beginning at the northeast corner of a lot heretofore occupied and owned by D. H. Fitch and wife, the east side of the railroad: thence along the right of way of the railroad $275\frac{1}{2}$ feet; thence east $386\frac{1}{2}$ feet; thence north $263\frac{1}{2}$ feet; thence west 326 feet to the place of beginning; same being known as the 'Munzesheimer & Daube Cotton Yard.' In consideration the said parties of the second part have this day paid the party of the first the sum of $300.00 cash, the receipt of which is hereby acknowledged, and that said parties of the second part shall have the right to rent the said premises at $100.00 per year as long as present land tenures in the Chickasaw Nation prevail. Whereas, Richard McLish and Lee Cruce claim an interest in the west half of said premises, and said party of the first part are endeavoring to acquire a conveyance from said Richard McLish and Lee Cruce of all their rights, title, and interest in and to the said premises, it is agreed in case said party of the first part acquires a conveyance from said Richard McLish and Lee Cruce of all their right, title, claim, and interest in and to said premises, that in this event the said parties of the second part shall have the option to rent said premises annually so long as the present condition of the land tenures prevail in the

Chickasaw Nation, upon paying therefor the rental agreed to pay therefor in this contract. That is to say, the parties of the second part shall have the option to rent the premises from the party of the first upon paying therefor the sum of $100 per annum in case the party of the first part shall not acquire the conveyance above mentioned from said Richard McLish and Lee Cruce, but, in case the parties of the first part acquire such conveyance from said Richard McLish and Lee Cruce, then this option to rent said premises shall accrue to the parties of the second part upon paying the sum of $212.00 per annum. Witness our hands this 20th day of October, 1894. Minnie McCauley. Munzesheimer & Daube," —and say that Munzesheimer & Daube prior to the execution of said contract were occupying said lot under a claim of ownership in themselves, and under a rental contract with Richard McLish, at the same time said Minnie Thomas also claimed said premises; that said Munzesheimer & Daube paid said Minnie Thomas the sum of $300 cash, and in said contract reserved the right to rent said premises at $100 per year so long as the land tenures then existing in the Chickasaw Nation should prevail; and for a further answer say that on the —— day of July, 1898, they tendered to Minnie Thomas the sum of $100 in payment of said rents for the year 1898, but that said Minnie Thomas wrongfully went upon said premises and took possession thereof, claiming the right of these defendants unnder said contract had expired on October 20, 1897. Defendants further answer and say that in August, 1898, they filed an application for an injunction against said Minnie Thomas, and attach to said answer a copy of the complaint filed in said action, and of the answer of Minnie Thomas filed therein, and of the master's report in said action, and of the judgment of the court confirming the report of said master, and attach them as parts of this answer, together with the nunc pro tunc order of the court correcting the previous judgment on said injunction proceedings. Defendants, further answering, say that said

Minnie Thomas prior to the institution of the suit had transferred and assigned to the City National Bank of Ardmore her right, title, and interest in and to the rents accruing between herself and said Munzesheimer & Daube, and that defendants tendered said City National Bank the sum of $100 as rents upon said premises. Defendants, further answering, say that they acquired a portion of the land sued for through Munzesheimer & Daube, from one Richard McLish, in the year 1892, and allege that in 1892 said Munzesheimer & Daube rented said land from Richard McLish at $112.50 per year, and entered into the possession thereof, and attaching contract of rental between them. And further answering, they say that Minnie Thomas did not claim to be the owner of any part of the land named in the contract between Munzesheimer & Daube and Richard McLish, but intended to purchase the rights of Richard McLish, and then to lease the same to Munzesheimer & Daube; that all the rights secured to said Munzesheimer & Daube passed to these defendants; that they have been at all times ready and willing to pay the rents on the part of the premises on which plaintiffs were entitled to collect rents. They say that Richard McLish is a necessary party to the suit, and ask that he be made a party defendant; and they further say that the plaintiffs herein assigned the rents on said premises to Dr. A. J. Wolverton, trustee, and plead in bar the former adjudication in the injunction suit, and ask that Richard McLish and A. J. Wolverton, trustee, be made parties defendant.

Thereupon the plaintiffs filed their demurrer herein to the defendants' answer on three grounds, as follows (omitting caption): ''(1) The plaintiffs demur to that portion of defendants' answer which seeks to set up an outstanding title in Richard McLish to a one-half interest in the premises sued for, and state that the defendants, having rented the premises in controversy from the plaintiff Minnie Thomas, are now estopped to set up an outstanding title in said premises. (2) The plaintiffs especially demur to that por-

tion of the defendants' answer which seeks to set up an option on the part of the defendants to lease the premises after the expiration of the contract beginning on the 20th day of October, 1894, and ending on the 20th day of October, 1897, for a second term extending up until a change in the land tenures in the Chickasaw Nation should occur, for the reason that said contract, if ever made, was void, and was an executory contract, and, being for a longer term than one year, was void under the laws of the Chickasaw Nation. (3) Plaintiffs demur to that portion of the defendants' answer which seeks to set up an option to release the premises in controversy after the expiration of the term ending October 20, 1897, for the reason that the same is not a defense to this action. Cruce, Cruce & Cruce, Potterf & Bowman, Attorney's for Plaintiff.''

The court passed upon the plaintiffs' demurrer, and sustained it on all three grounds. Whereupon the plaintiffs filed their reply in said action, and deny that on the 20th day of October, 1894, the plaintiff signed and acknowleged the contract as alleged in defendants' answer, and deny that prior to the time of said contract Munzesheimer & Daube occupied said lot under a claim of ownership in themselves, or under a rental contract from Richard McLish; deny that McLish or Lee Cruce, or either of them, have ever had any interest whatever in said lot, or any part thereof, or that plaintiffs in any way recognized the right of said McLish or Lee Cruce thereto, and say that plaintiff and her husband on October 20, 1894, entered into a written contract with Munzesheimer & Daube for the price of $300 rental for three years, to be paid in the erection of a certain house for the plaintiff and her husband, and say that after the completion of said house, on the 24th day of December, 1894, C. T. McCauley, the then husband of the plaintiff, died; that thereafter, on December 30, 1894, Munzesheimer & Daube presented to plaintiff a writing which they represented to her was necessary to get the name of C. T. McCauley out of said con-

tract, assuring her that the same was in all respects as the one which she and her husband had signed on October 20, 1894; the plaintiff was at the time sick in bed, and did not read said contract, and relied upon the statements of said Munzesheimer & Daube as to its contents; that said paper as presented to the plaintiff was not as represented, but contained other and different matter from the contract entered into by her and her husband McCauley with said Munzesheimer & Daube, and she is not bound thereby; that it is not her contract; that the contract which she made on the 20th day of October, 1894, is in the possession of the defendants, and she calls for its production upon the trial hereof; and say that the injunction was a temporary injunction, and that all the evidence taken was for the purpose merely of a temporary injunction, and that no judgment could be rendered upon that testimony; deny that the issue as to said contract was a material issue at all in said injunction suit, and deny that the court had any right to determine the ownership of said lot in said injunction suit, or to determine the right to the possession of the same; and, further replying, state that the defendants are estopped to set up any right they may have had to renew the lease executed on October 20, 1894, because in the injunction suit referred to in defendants' answer the defendants, who were plaintiffs in the suit, alleged that they were the owners of the property in controversy by virtue of a quitclaim deed, and thereby repudiated the tenancy existing between defendants and plaintiffs, and further say that the answer of the defendants in this cause sets up an outstanding title in and to one-half of the premises in controversy in a stranger, by which act they have repudiated their contract of tenancy, and created a forfeiture of any right they may have to a renewal of said lease; and further reply and state that the option contained in said pretended contract authorized said defendants to rent said property for an indefinite period from October 20, 1897, and o and with the change in the land tenures in the Chickasaw

Nation, is void under the laws of the Chickasaw Nation, as an executory contract, and cannot be enforced in this action; and deny that the pretended decree set up in defendants' answer was the decree of the court in the case referred to.

To this reply the defendants, Sass & Crawford, filed their demurrer for the following reasons: "Now come the defendants, Sass & Crawford, and demur to and move the court to strike out the reply of the plaintiffs filed herein on the 21st day of June, 1900, for the following reasons, to-wit: First. Because the same is wholly insufficient and states no facts which authorize the plaintiffs to the relief prayed for, and states no facts tending to avoid the several pleas set up by the defendants herein. Second. Because said reply is in the nature of a counterclaim or cross bill, and seeks to reform the original instrument referred to as having been executed on the 24th day of October, 1894, in an action at law; same being an action of unlawful detainer. Third. Because this court in this cause is without power or jurisdiction to afford equitable relief called for in said reply. And of all this the defendants pray the judgment of the court, and move the court to strike out said reply. Ledbetter & Bledsoe, Atty. for Dfts.,"—which demurrer was submitted to the court, and overruled by said court on each and every ground, and thereupon said cause was submitted to be tried by a jury; and after the taking of evidence the said court instructed the jury to return a verdict for the premises in controversy and for damages, being the rental value of the premises in controversy during the time the defendants have held possession of the same since the institution of the suit, in favor of the plaintiff, and the jury returned a verdict in accordance with the instructions of the court, and assessed the plaintiff's damages at the sum of $1,600. Defendants filed their motion for a new trial, which motion was submitted to and overruled by the court, and judgment entered upon the verdict in favor of the plaintiff Minnie Thomas and against Sass & Crawford, from which judgment Sass & Craw-

ford have prosecuted their appeal to this court.

*Ledbetter & Bledsoe*, for appellants.

*Cruce, Cruce & Cruce* and *Potterf & Bowman*, for appellee.

GILL, J. We have carefully examined the brief filed by the appellants in this case, and note the many errors complained of, and the careful and painstaking argument of counsel, wherein they seek to show that the court erred in its construction of the law' applicable to this case, but we are of the opinion that the court's construction of that law was in all respects correct. An examination of the laws of the Chickasaw Nation (section 2 of the act of October 10, 1876; Laws Chickasaw Nation, p. 105) provides that the leasing of land within the limits of the nation is absolutely prohibited, nnder heavy penalties, except that by the second section citizens are permitted to lease lands for a term not exceeding a year. Munzesheimer & Daube have recognized the plaintiff's right to this land, and recognized her as their landlord; and the defendants (appellants here), having succeeded only to whatever rights Munzesheimer & Daube had in said lands, cannot be heard in this case to dispute the right of the landlord to recover possession of these premises upon breach of the contract or at the end. of the term, nor can they set up any outstanding titles as against their landlord's title. A lease made in the Chickasaw Nation for a longer term than one year is absolutely void, and at the end of the year, no matter what the length of the term, nor the conditions of the lease, the landlord would have the right to declare the lease at an end, and re-enter and take possession of the land. We are therefore of opinion that the demurrer to the answer was well taken, and that the demurrer to the reply was bad, and that all that remained to be heard in this case was the question of the value of the lands. Upon this question the defendants failed and refused to introduce any evidence,

although the court allowed them the privilege of so doing or not. The jury ascertained the amount of damages, and the judgment of the court was upon the verdict of the jury, and should be sustained, and therefore said judgment is herein affirmed.

CLAYTON and RAYMOND, JJ., concur.