## THOMAS ET AL. VS SASS ET AL.

### Opinion delivered Oct. 5, 1901.

*1. Indian Lands—Lease—Injunction.*

Leases of lands in the Chickasaw Nation for more than one year are void under the Chickasaw laws, and the citizen landlord may, at any timo after one year, take possession of the leased premises, though the term of the lease has not yet expired; and injunction will not, therefore, lie to restrain such entry by the landlord.

*2. Landlord and Tenant—Assignees of Lessee—Estoppel.*

Tenants cannot deny the title of their landlord, nor set up an outstanding title against him; and assignees of the lessee have no rights which their assignor had not, and are also estopped from contesting the title of the landlord of their assignors.

Appeal from the United States Court for the Southern District.

HOSEA TOWNSEND, Judge.

Bill by Morris Sass and J. D. Crawford, doing business under the firm name of Sass & Crawford, against Minnie Thomas and another, for an injunction. From a decree granting the same, defendants appeal. Reversed.

*Cruce, Cruce & Cruce*, for appellants.

*Ledbetter & Bledsoe*, for appellees.

GILL, J.   This is a companion case to the case of Sass vs Thomas, (immediately preceding) (64 S. W. 528). The appellees, as plaintiffs, on August 19, 1898, began a suit before Hon. William H. H. Clayton, a judge of the United States Court in the Indian Territory, for the Central District, in the absence of Hon. Hosea Townsend, judge of the United States Court for the Southern District of the Indian Territory, for a restraining order against the above-named Minnie Thomas and others.   It becomes unnecessary, in view of the decision in the former case of Sass vs Thomas, to more than refer in general terms to the complaint, answer, and proceedings in this case in the court below.   The following are substantially the facts:   Appellant Minnie Thomas was a Chickasaw Indian, and by a written contract made by the appellant, then Mrs. Minnie McCauley, and the firm of Munzesheimer & Daube, entered into on the 20th of October, 1894, the appellant leased certain property in the town of Ardmore, Ind. T., to said Munzesheimer & Daube, for the term of three years, for a rental of $100 per annum, which lease contained a provision that said Munzesheimer & Daube should have the right to rent said premises at $100 per year so long as the present land-tenures in the Chickasaw Nation should prevail. By general assignment the above-mentioned lease passed from Munzesheimer & Daube to their assignee, who by order of court sold the same to Sass & Crawford, which sale to Sass & Crawford was confirmed, and they went into possession under such sale.   The complaint was answered to by appellants, and evidence taken in the case by a master in chancery, who reported to the court, and whose report was by the court confirmed, sustaining the injunction and ordering the same to be made perpetual.   In the case of Sass vs Thomas, (immediately preceding) (64 S. W. 528), above alluded to, the appellant (appellee in that case) had brought a suit

against Sass & Crawford for this same property in forcible entry and detainer; and the court proceeded to trial upon that case, and instructed a verdict in favor of the recovery of the possession of said premises to Minnie Thomas, and for damages. The injunction was made perpetual in this case, and is in opposition to the recovery ordered by the court in the other case, and both cannot possibly stand. We are of opinion that a lease made by a Chickasaw Indian is void for all parts of the term of lease exceeding the one year. The pleadings show that three full years had expired. Appellant had the right to resume possession of the premises leased at the expiration of one year upon notice, and at any time thereafter. To enjoin her from exercising this right was certainly error. The appellees had no right to undertake to set up any prior outstanding title in themselves or any one else as to the premises leased by them. If they acquired the rights of Munzesheimer & Daube, they were the tenants of appellants under the terms of the lease to Munzesheimer & Daube, and acquired no further rights than these parties held. The injunction cannot stand as to appellants, and the case is reversed and remanded, with instructions to the lower court to dissolve the perpetual injunction. Reversed and remanded.

CLAYTON and RAYMOND, JJ., concur.