### HOCKETT et al. v. ALSTON.

(Circuit Court of Appeals, Eighth Circuit. September 30, 1901.)

No. 1,553.

1. EJECTMENT—POSSESSION.
   Possession of land, or of the improvements upon it, is prima facie evidence of the right of possession, and it must prevail in an action of ejectment, in the absence of competent evidence of a superior countervailing right.

2. SAME—EVIDENCE—SHERIFF'S CERTIFICATE WITHOUT WARRANT OF LAW.
   A sheriff's certificate of sale and conveyance of land, or of improvements thereon, unwarranted by any law or order or process of any court, is not evidence of any title or of any right of possession in its grantee in the property which it describes.

3. JUDICIAL NOTICE—LAWS OF INDIAN TRIBES.
   The courts do not take judicial notice of the laws of the Indian tribes in the Indian Territory, but they must be pleaded and proved before effect can be given to their provisions in judicial proceedings.

(Syllabus by the Court.)

In Error to the United States Court of Appeals in the Indian Territory.

This writ of error questions a judgment for the plaintiff in an action for the possession of certain improvements upon lands in the Indian Territory made and held by the defendants. The plaintiff below, Sarah Carlton Alston, the defendant in error here, alleged in her complaint that she was the owner and entitled to the possession of the Fred Hockett farm, a frame house, stables, and outbuildings situated on lands which were patented to the Cherokee Nation on December 31, 1838; that on August 30, 1897, these improvements were sold to her by the sheriff of Cooweescoowee district of the Cherokee Nation of the Indian Territory, under an act of the national council of that nation approved September 30, 1895; that this sheriff delivered to her a certificate of purchase in these words:

"Wagoner, I. T., August 30, 1897.

"Sold to Sarah Carlton Alston the following described intruder improvements, known as 'Fred Hockett Farm,' about three and one-half miles northeast of Wagoner, I. T.: One frame house, 16x32, stables and other outer buildings, about 100 acres in cultivation,—for the sum of eight hundred and ninety-five ($895.00) dollars. First installment paid, one hundred and forty-nine $20/100$ ($149.20) dollars. Sold under an act of the national council approved September 30th, 1895.                                    J. C. Ward,

"Sheriff Cooweescoowee District, Cherokee Nation,
                                        "By J. W. Leach, Deputy."

—And that the defendants, Fred Hockett, Agnes Hockett, and Will Hockett, the plaintiffs in error here, had been since August 30, 1897, and still were, in the unlawful possession of this property. The defendants denied the

plaintiff's ownership and right to the possession of the improvements, denied that there had ever been any legal sale thereof by the sheriff, and alleged that they had made them, and had been in the possession of them since 1889. At the trial the plaintiff proved by one of the defendants that the latter's wife had claimed to be a citizen of the Cherokee Nation, but that her claim had been disallowed; that he had put improvements of the value of about $1,500 upon the property, and had occupied it since September, 1889. The plaintiff then proved that she had purchased the improvements from the sheriff named in her pleading, and had obtained the certificate copied above. Objection was made to her introduction of this certificate on the grounds that there was no proof of the act of the Cherokee Nation under which the sale took place, or of any compliance with that act, but this objection was overruled. There was no other evidence of title to or right of possession of the improvements in the plaintiff, and yet the court instructed the jury, that she was entitled to recover them. This instruction and the overruling of the objection to the introduction of the sheriff's certificate, together with many other rulings of the trial court, are assigned as error. These specifications were considered by the court of appeals of the Indian Territory and overruled, and it is to review the judgment of that court affirming the judgment of the trial court in favor of the plaintiff that this writ of error was sued out.

Lovick P. Miles, for plaintiffs in error.

James S. Davenport, for defendant in error.

Before SANBORN and THAYER, Circuit Judges, and ADAMS, District Judge.

SANBORN, Circuit Judge, after stating the case as above, delivered the opinion of the court.

This was an action in the nature of ejectment to recover possession of improvements upon land of the Cherokee Nation in the Indian Territory which had been made by, and were in the possession of, the defendants. The trial court held that the certificate of a sheriff of the Cherokee Nation that he had sold these improvements to the plaintiff, without proof of any law or of any order or decree of the court empowering him to do so, established his grantee's right to the possession and to a recovery of this property from the defendants, and this ruling was affirmed by the court of appeals of the Indian Territory. A brief reference to a few axiomatic principles of the law demonstrates the fatal error into which these courts have fallen. Possession of real estate and of the improvements thereon is prima facie evidence of the right of possession, and the defendants had been in possession of this land and of the improvements which they had made upon it for more than nine years before this action of the plaintiff was commenced. This title by possession must prevail until the plaintiff establishes by competent evidence a superior right to the possession of these improvements. Ricard v. Williams, 7 Wheat. 59, 105, 5 L. Ed. 398; Keane v. Cannovan, 21 Cal. 291, 305, 82 Am. Rep. 738; Foster v. Evans, 51 Mo. 39, 40; Wilson v. Fine (D. C.) 38 Fed. 789, 793.

This plaintiff claimed title under an act of the national council of the Cherokee Nation approved September 30, 1895, but she did not prove or produce any evidence of the character, contents, or provisions of that law, and this court is ignorant of its terms and of its

effect. The courts do not take judicial notice of the laws of the Indian nations in the Indian Territory, but they must be pleaded and proved before effect can be given to their provisions in judicial proceedings. Wilson v. Owens, 86 Fed. 571, 573, 30 C. C. A. 257, 259, 57 U. S. App. 500, 503. No judgment, order, or execution from any court authorizing the sale of this property by the sheriff of the Cooweescoowee district was pleaded or proved. There was therefore no evidence that this sheriff had any more power than any other stranger to sell and convey the property here in controversy. A sheriff is nothing but the agent of the government to do the acts which the laws authorize him to perform, and his acts, without proof of his lawful authority to perform them, are as ineffective in judicial proceedings as the acts of a private agent without proof of authority from his principal. There was no provision of the law, as in Jordan v. Bradshaw, 17 Ark. 106, 109, 65 Am. Dec. 419; that the certificate of this sheriff should recite the authority under which it was issued, and that this recital should be evidence of the fact so stated. There was no proof of any law which authorized the sheriff to make the sale, or the certificate thereof. There was no evidence of any execution, process, order, or judgment of any court which directed him to sell or convey this property. The record is entirely barren of any evidence of any authority on his part to make either the sale or certificate thereof, and that instrument constitutes no evidence of any title or right to the possession of the improvements in controversy. A sheriff's deed, unwarranted by any law or order or process of a court, is not evidence of any title or right of possession in its grantee in the property which it describes.

Counsel for the plaintiff below devote much time and space to an endeavor to support the contention that the defendants are unlawfully in the possession of these improvements; that they are trespassers and intruders upon this land in violation of the laws of the United States and of the Cherokee Nation. It is unnecessary to the decision of this case to consider or decide whether they are trespassers or not. If they are, there is no evidence here that the plaintiff has any right to disturb them. Under the record before us, she also seeks to intrude upon this property without right, under a sheriff's certificate of sale issued without warrant of law or order of court. The possession of a trespasser or of an intruder is superior to and must prevail over the claims of all who have no superior legal rights to the title or the possession.

The judgments of the court of appeals in the Indian Territory and of the United States court for the Northern judicial district of the Indian Territory are reversed, and the case is remanded, with directions to grant a new trial.