Sass, et al, vs Thomas, et al.

Opinion delivered September 25, 1902.

1. *Indian Laws—Courts Will not Take Judicial Notice.*

> This court will not take judicial notice of the laws of the several Indian nations, but same must be specifically pleaded; and a mere reference to same in a pleading will not suffice.

2. *Pleading—Reply—Failure to Strike from Files, Error.*

> Section 5043 (Ind. Ter. Stat. Sec. 3248) provides that no reply to an answer shall be filed except upon the allegation of a counter-claim or set-off in the answer. Failure to strike out a reply improperly filed is reversible error, in view of the fact that the decision of the trial court was reached upon the consideration of matters only contained in the reply.

On rehearing. Reversed.

For former report, see 3 Ind. Ter. Rep. 536 (64 S. W. 528)..

GILL. C. 'J. This case now stands for rehearing allowed by the court of appeals on motion of appellants. The decision in this case was filed October 5, 1901, and reported in 3 Ind. Ter. Rep. 536 (64 S. W. 528). The opinion in that case states the facts. After examination of said opinion and the additional briefs, citing authorities, and argument of counsel, we are unable to see how the opinion upon the facts as stated, provided the law had been complied with in reference to pleadings and formal statements, could be otherwise than as there decided; but there are certain additional matters now urged to our attention which will require consideration by this court, and upon which we may arrive at a different conclusion from that heretofore reached. This was an action of forcible entry and detainer. The plaintiffs state the relation of landlord and tenant in their complaint, the expiration of the term, the demand for the premises, and refusal of defendants to surrender the same. Defendants answer, and claim that they are the successors of the original lessees, and set out the contract of the original lessees, and that they have a right to the premises involved upon payment or tender of payment to plaintiffs in the sum of $100 per annum so long as the land tenures existing in the Chickasaw Nation should remain the same as they were at the date of the contract, to wit, October 20, 1894, but without setting forth the law of the Chickasaw Nation as to land tenures. A demurrer was interposed by plaintiffs to this answer, and in part sustained. For reasons hereinafter stated, it will be unnecessary to consider that demurrer further than to say that the action of the court in sustaining the demurrer to certain parts of defendants' answer seems to have been well taken. The plaintiffs thereafter filed a reply in said cause, which reply practically interposed the charge of fraud

upon defendants' assignors in the execution of the lease con-
tract referred to in the answer, and containing various and sundry
denials of the matters in the answer, claiming that the plaintiffs
are estopped for reasons stated, and that they have sought to set
up an outstanding title in and to one-half of the premises in
controversy in a stranger, and claiming, in a general way, that
the contract set out in the answer is void under the laws of the
Chickasaw Nation, and that the same could not be enforced.
To this reply the defendants filed their motion to strike the same
out for three several reasons: "First, because the same is wholly
insufficient, and states no facts which authorize the plaintiffs
to the relief prayed for, and states no fact tending to avoid the
several pleas set up by the defendants herein; second, because
said reply is in the nature of a counterclaim or cross-bill, and
seeks to reform the original instrument referred to as having
been executed on the 24th day of October, 1894, in an action at
law, same being an action of unlawful detainer; third, because
this court in this cause is without power or jurisdiction to afford
equitable relief called for in said reply." This motion to strike
out the reply of the plaintiffs was overruled by the court, and
the action of the court in overruling said motion is one of the
errors complained of, and one of the errors set out in the motion
for new trial in said case.

In the previous presentation of the matter to the court,
while this question was presented in a general way, the court's
attention is now specifically directed for the first time to the
statute in actions of this kind. An action of forcible entry and
detainer, as in this case, must be founded upon Mansf. Dig.
§ 3348 (Ind. Ter. St. 1899, § 2282), which statute is as follows:
"When any person shall willfully and with force hold over any
lands, tenements or other possessions after the determination of
the time for which they were demised or let to him, or shall
lawfully and peaceably obtain possession, but shall hold the

same unlawfully and by force, or shall fail or refuse to pay the rent therefor when due, and after demand made in writing for the delivery of possession thereof, by the person having the right to such possession, his agent or attorney, shall refuse to quit such possession, such person shall be deemed guilty of an unlawful detainer." It will be seen that the four questions involved in such action are: First, that the relation of landlord and tenant exists; second that the term of lease has expired; third, that demand has been made, and that the tenant shall refuse to quit the premises; and, fourth, if any damage be shown to either party. These are the only questions that are involved in an action of forcible entry and detainer. We find, under the rules with reference to pleadings and practice (Mansf. Dig. § 5043; Ind. Ter. St. 1899, § 3248): "There shall be no reply except upon the allegation of a counterclaim or set-off in the answer." And in the following section (Mansf. Dig. § 5044; Ind. Ter. St. 1899, § 3249): "When the answer contains new matter constituting a counterclaim or set-off, the plaintiff may reply to such new matter, denying each allegation controverted by him, or any knowledge or information thereof sufficient to form a belief, and may allege, in concise language, any new matter not inconsistent with the complaint constituting a defense to the counter-claim or set-off." It is held repeatedly that a reply improperly filed should be stricken out. Cannon vs Davies, 33 Ark. 56; Abbott vs Rowan, Id. 593. Certainly, in the answer in this case there appears no counterclaim or set-off, and the statute says specifically that in such case no reply is permitted; and for the first time in this case, on this motion for review, is this question presented to the court. Nor does the same appear to have been presented to the court below for its consideration. An examination of this reply shows that it attempted in a general way, to plead the illegality of the contract relied upon by defendants in their answer under the Chickasaw law; and the court, in passing upon this case, decided

the same as though the Chickasaw law was properly pleaded and before it for consideration. In view of the decisions of the United States court of appeals and this court, it has been held that this court will not take judicial notice of the several laws of the several Indian nations, but that the same must be specially and specifically pleaded. Mere reference to such laws—as was the case in this reply—is not sufficient. The law itself, when relied upon, must be set out in the pleading. Hockett vs Alston 3 Ind. Ter. Rep. 432 (58 S. W. 675); Id., 49 C. C. A. 182, 110 Fed. 910; Wilson vs Owens 1 Ind. Ter. Rep. 163 (38 S. W. 976); Id. 30, C. C. A. 257, 259, 86 Fed. 571. And in passing we may say that the answer, in undertaking to plead a contract referring to land tenures of one of these several Indian nations, must either plead what those tenures were, or, in a case of this kind, where the contract refers to such conditions, it must prove the same, as the court is not bound to take judicial notice of what the land tenures of the nation may be. It follows, therefore, from the above reasoning, that the court below, and in like manner this court, in its previous opinion herein, neither of them had before them in such shape as to render a decision thereon the law of the Chickasaw Nation with reference to the leases of land. And while these courts may have been right in their conclusions, they must first be advised in a legal manner of the Chickasaw law, before they can pass upon the question assuming what that law is. The action of the court below in refusing to strike plaintiff's reply from the files was erroneous, and as, from this reply, the court alone was informed, and that in an insufficient manner, of what the Chickasaw law was, and as it reached its conclusion under the Chickasaw law, the error was such that the interests of the defendants were affected thereby prejudicially; and this case ought to be, and the same is hereby ordered reversed, and remanded for further proper action under this opinion in the court below.

Reversed and remanded.