WILLIAMS VS WORKS.

Opinion delivered September 23, 1903.

1. *Indian Lands—Ejectment—Rights of Non-Citizens.*

A non-citizen in possession of town-lots, transferred to him by an Indian citizen who had previously segregated same from the public domain, has sufficient right and title to the premises to maintain ejectment against an Indian citizen asserting a right to take possession of said lands as having become again a part of the public Indian domain by reason of such transfer.

2. *Indian Lands—Transfer to Non-Citizen—Not Public Domain.*

Where an Indian citizen transfers his right of possession of a town lot in Indian Territory to a non-citizen such transfer is not an abandonment of possession by such citizen and the land does not thereby revert to the Indian tribe as public domain.

Appeal from the United States Court for the Southern District.

HOSEA TOWNSEND, Judge.

Action by George W. Works against W. N. Williams to recover possession of certain real property. Judgment for plaintiff. Defendant appeals. Affirmed.

On January 23, 1901, the appellee, George W. Works, filed a paper in court entitled "Amended Complaint in Equity," as follows: "Now comes the plaintiff and files this, his amended complaint, and, amending, says: That he is the owner and entitled to the immediate possession of the property hereinafter described. That he and those under whom he holds have had and enjoyed the continued, uninterrupted, peaceable possession of said property since the year 1893. That said property was segregated from the publicdomain of the Chickasaw Nation in the year 1893 by J. D. Wilson, an Indian citizen, and by him transferred to plaintiff February 23, 1897, as shown by a copy of transfer attached to the original complaint herein filed, and to which reference is here made; and plaintiff has had the peaceable and uninterrupted possession thereof ever since said date; the said property being described as follows: All the land and town lots in the town of Comanche, I. T., west of the C. R. I. & P. Ry. track and north of Main street, except such as were reserved by the said Wilson in said transfer, the same being a strip of land about 950 feet wide by about one-half mile in length, bounded on the north by the old original boundary line of said town of Comanche, the same being the old section line; bounded on the west by ——— Gaddis' land; bounded on the south by what is commonly called and known as 'Main Street' in said town, and on the east by the C. R. I. & P. Ry. right of way; and excepting out of said boundaries such lots and blocks heretofore sold by plaintiff to various parties. Also what is commonly known as the 'Deaton Addition' to said town of Comanche (excepting therefrom such lots and blocks in said Deaton addition heretofore sold by plaintiff to various parties) and said addition containing about ten acres of land adjoining the above-described strip of land on the north, and lying immediately west of the C. R. I. & P. Ry. track, and bounded on the north by what is called 'Elm Street,' in said town, and bounded on the west by what is called 'Third Street,' in said town, and

particularly that part of said Deaton addition platted and known as lots Nos. 26, 27, 28, 29, 30, 31, 32, in block No. 27, of said addition. That on or about the —— day of ——, 1900, the said defendant, Williams, without right or authority entered upon said land, and particularly upon said last above named lots in said block, and has begun the erection of a fence and other improvements thereon, and threatens to oust plaintiff of the possession of said premises. That, unless restrained, defendant will erect improvements thereon, and destroy a portion of said premises, and will prevent the plaintiff from improving said property, and from purchasing same as now provided for by virtue of the Curtis Bill, and the damages occasioned thereby will be great and irreparable. That plaintiff has no plain and adequate remedy at law for the prevention of the wrongs aforesaid, Premises considered, plaintiff prays that he have judgment for the possession of said property, and pending final hearing he have a temporary restraining order restraining defendant and any other person or persons acting under or through him from in any manner interfering with plaintiff in the possession of said premises, or any part thereof, and from erecting on said property any improvements whatever and on final hearing said injunction be made perpetual; judgment for the possession of said premises, for costs of suit, and all other relief to which he may be entitled to in the premises."

The exhibit referred to as "Exhibit A" in the original complaint is as follows:

"This agreement made and entered into this 23d day of February, 1897, by and between J. D. Wilson, party of the first part, and G. W. Works, party of the second part.

"Witnesseth: That for and in consideration of the sum of fifty dollars, the party of the first part hereby conveys and forever quitclaims to the party of the second part all his right, title,

and interest in and to the following described property, to wit: all the town lots and land in the town of Comanche, I. T., west of the C. R. I. & P. Ry. track, and north of Main street, except such lots as were reserved by party of the first part in a rental contract executed by the party of the first part to the party of the second part on the 25th day of October, 1893; also all the interest of the party of the first part in what is known as the Deaton Addition to the said town of Comanche. And the party of the first part releases the party of the second part from the payment of all rents, both for the Deaton Addition property and for any and all other property in said town upon which said second party has heretofore agreed to pay rents.

"For and in consideration of the foregoing agreements on the part of the first party, the party of the second part grants, conveys and releases all his right, title and interest in and to the property heretofore leased by the party of the first part to the party of the second part on the 25th day of October, 1893, in the town of Comanche, I. T., lying east of Cow Creek.

"Witness our hands at Comanche, I. T., this 23d day of Feb. 1897.

J. D. Wilson.
Geo. W. Works.

"Subscribed and sworn to before me this the 23d day of Feb. 1897.        C. D. Lind, Notary Public."

Defendant (appellant here) filed his amended answer, as follows:

"Now comes the defendant in the above styled and entitled cause, and, leave of the court first had and obtained, files this, his amended answer to plaintiff's amended complaint, and denies each and every, all and singular, the averments contained in said amended complaint, except such as may be hereinafter specifically ad-

mitted. He denies that the plaintiff, or those under whom he holds, have had and enjoyed the continued and uninterrupted peaceable possession of the property since 1893; denies that said property was segregated from the public domain of the Chickasaw Nation in 1893 by J. D. Wilson, an Indian citizen; denies that same was transferred to the plaintiff on February 23, 1897, Defendant further denies that said G. W. Works is the owner and entitled to the immediate possession of what is described in plaintiff's amended complaint as the Deaton Addition, or that he is the owner and entitled to the immediate possession of lots Nos. 26, 27, 28, 29, 30, 31, and 32 in block 27 of said addition. He denies that on or about the —— day of ——, 1900, or at any other time, he, without right or authority, entered upon said land, and particularly upon said last above-mentioned lots in said block, begun the erection of a fence or other improvements thereon, or that he threatens to oust the said plaintiff of the possession of said premises. He denies that he is now attempting to erect any improvements thereon, or that he will cut off the town-site portion of said premises, or that he will prevent plaintiff improving said property. He denies that any act of his which he has done or threatened to do will cause plaintiff great and irreparable injury. He denies that plaintiff has no plain and adequate remedy at law for the prevention of any wrongs which the defendant has done or may attempt to do him. Further answering, defendant alleges that the said Deaton Addition was and has been since February 23, 1897, the public domain of the Chickasaw Nation. He alleges that on or about the 23d day of February, 1897, J. D. Wilson, who claims to be a member of the Choctaw tribe or nation of Indians by blood, quitclaimed, abandoned, and absolutely divested himself of any title and right in and to said land; that since said time it has been abandoned and subject to settlement by any member of the Choctaw or Chickasaw tribe or nation of Indians. He alleges that since the said Wilson abandoned his claim to said land the

land was segregated from the public domain by one Jess Stidham a member of the Choctaw nation or tribe of Indians by blood; that on the —— day of ——, 1900, ————, who was a member of the surveying corps, acting under and in accordance with an act of Congress passed and approved on the —— day of ——, 1900, surveyed the town site of Comanche, and in said survey included said lots; that at the time of said survey no person had possession of, or was entitled to the possesison of, said land; that, acting in good faith, and in pursuance of an act of Congress relative to town sites, defendant entered upon said lots for the purpose of improving them, and for the purpose of purchasing same from the Choctaw and Chickasaw nations or tribes of Indians, whenever said lots were placed on the market for sale. Defendant alleges that he is absolutely solvent, and alleges that the highest value which could be placed upon said lots is three hundred dollars. Defendant alleges that said lots were not, from the 23d day of February, 1897, until the order of court made and entered on the —— day of ——, 189—, within the proposed limits of any town site, and alleges that the said G. W. Works is a citizen of the United States, and not a member of any tribe or nation of Indians, and that any claim he may have had upon said lots was fraudulent, void, and contrary to law. Defendant further alleges that he is now, and has at all times been, ready to pay the true owners of said property, to wit, the Chickasaw and Choctaw tribe or nation of Indians, the appraised value of same. Wherefore, the premises considered, defendant prays that the defendant take nothing by this suit, and that upon final hearing he have judgment for the possession of said premises; judgment vesting and quieting the title in him; and prays that the plaintiff, his agents, servants, and attorneys, or any one acting through or under him, be restrained from entering upon said premises, or in any way interfering with defendant's right of possession thereto, cost of this suit, and such other relief as he may be entitled to."

The cause, without objection and without demand for a jury trial, was referred to a special master in chancery, who took testimony, both parties appearing before him without objection, and made a full report, both on the facts and on the law. The summary of the report of the master in chancery is as follows:

"The master in chancery makes the following summary "of the facts and law in this case: First. That long prior to the passage of the Curtis Bill the lots or ground in controversy, with other lands, had been segregated from the public domain of the Chickasaw Nation by J. D. Wilson, Second. That the land so segregated had been platted, used and occupied for town-site purposes, and known and designated as the "Deaton Addition to the town of Comanche. Indian Territory,' and it is now so used and occupied and held. Third. That J. D. Wilson, the Indian Citizen, on the 23d day of February, A. D. 1897, sold, conveyed, and quitclaimed his right, title, and interest in said Deaton Addition, of which the lots in controversy were a part, to G. W. Works, the plaintiff. (Exhibit A.) Fourth. That since said date the plaintiff has been and now is the owner of the posesssory right, and entitled to the possession of the lots in controversy in this case. Fifth. That a short time previous to December 14, 1900, the date for the filing of this complaint in this case, the defendant, without right or authority, and without any claim to the title of the same, entered upon the lots in controversy, and commenced fencing the lots with wire, and placing foundation material on the same for a house. Sixth. That at the time of said entry by the defendant there was no improvements upon said lots. Seventh. That the defendant, at the time he entered upon said lots, and long previous thereto, had full knowledge of the claim, title, and interest of the plaintiff in and to said lots. I therefore find that the plaintiff is the owner and entitled to the immediate possession of said property; that defendant's entrance upon the same was without right, title or authority.

(39)

"Recommendations: I therefore recommend that the plaintiff have judgment for possession of said property; that the defendant, his agents, employes, or any one acting under or through him, be enjoined from interfering in any manner with plaintiff's possession of said premises; and that the plaintiff recover of the defendant the sum of —— dollars paid as master's fee, and the sum of —— dollars, paid as stenographer's fee, together with all other costs in this suit."

Upon this report the defendant, W. N. Williams (appellant here), filed 16 several exceptions. The report and exceptions were submitted to the court, and the court thereupon made and entered the following decree:

"Now, at this time came on to be heard the report of the master in chancery, filed herein, together with the exceptions of the defendant thereto, and, said report and exceptions thereto having been duly considered by the court, and the court being fully advised thereto, is of the opinion that said report should be confirmed. It is therefore ordered and adjudged that the exceptions of the defendant to the report be overruled, and that said report be in all things confirmed, and that the plaintiff, G. W. Works, do have and recover of said defendant, W. N. Williams, lots Nos. 26, 27, 28, 29, 30, 31, and 32 in block No. 27 in the Deaton Addition to the town of Comanche, Chickasaw Nation, together with all costs in this behalf expended. It is further ordered that the plaintiff do have a writ of restitution placing him in possession of said property, and that he have execution for his costs."

*Gilbert & Gilbert*, for appellant. *Morris & Hayes* and *Potter & Potter*, for appellee.

GILL, C. J. Appellant brings the record here for review, and says, in his opening statement in briefing the case, "that this is an action of ejectment instituted December 14, 1900,

for the possession of certain lots alleged to be part of the town site of Comanche, Indian Territory, contemporaneously with the filing of the principal cause of action an application was made for a temporary restraining order; and on December 14th the defendant filed his answer, and on the same date the cause was referred to Alexander Gillett, as special master in chancery, for the purpose of reporting on the law and the facts. That on January 23, 1901, the plaintiff filed his amended complaint, and on March 1, 1901, defendant filed his amended answer. On March 6, 1901, the report of the special master in chancery was filed and on March 9, 1901, the defendant filed his exceptions to the master's report. On November 1, 1901, the cause was taken up on the exceptions to the master's report, which were at that time overruled, and judgment rendered for the plaintiff from which action of the court the defendant appealed. And further says that the only testimony introduced was the testimony of the plaintiff himself who testifies that he is a citizen of the United States, and not a member of any Indian tribe or nation; that he purchased the land in controversy on February 23, 1897, from J. D. Wilson, a member of the Choctaw tribe or nation of Indians; that he had never placed any improvements on the land in controversy, and that since February 23, 1897, the time at which he purchased the said land from J. D. Wilson, a member of the Choctaw tribe, he had not held said land under any Indian at all; that the plaintiff also asks for an injunction against the defendant restraining him from the erection of any improvements on said lots, and the injunction was recommended by the master. The principal contention of appellant in this case is that the appellee did not have sufficient title in himself to maintain an action of ejectment against one in possession, and that the facts as developed by the testimony were not sufficient to justify the court in granting equitable relief in the form of an injunction." The appellant has filed a brief, without formal specifications of

error, and the only question involved, so far as we can understand from his brief, is his contention that the appellee did not have sufficient title to maintain his action of ejectment. The evidence, in brief, discloses that appellee (plaintiff below) was a United States citizen, and that he purchased the lands in controversy, which were town lots, from an Indian, a Chickasaw citizen, who had previously segregated the same from the public domain of the Chickasaw Nation, and been in possession thereof as such Chickasaw citizen, and that as such citizen he sold to the appellee his possessory rights in said premises, and that appellee thereupon went into possession of such premises by virtue of the transfer aforesaid; and, appellee having such right of possession, and being in possession of the premises under such transfer, the appellant, without any other claim of right than that he was a Chickasaw citizen, and claiming that these premises became a part of the public domain of the Chickasaw Nation because of the transfer to the appellee, entered upon the premises and undertook to inclose the same and build thereon, and now says that the appellee was without right in any way to protect himself from the appellant's attempt to take possession of said premises.

The court is of opinion that this contention of appellant cannot stand. The question of injunction does not enter into the case, inasmuch as the judgment was pronounced in favor of plaintiff by the court below as to the possession of the premises without injunctive relief, and this court is bound to follow the United States Court of Appeals of the Eighth Circuit, Hockett vs Alston, 110 Fed. 910, 49 C. C. A. 180, reversing the opinion of this court rendered in the same case in 3 Ind. Ter. Rep. 432 (58 S. W. 675), which holds, in substance and effect, that a United States citizen in possession of a town lot in the Indian Territory has the right to hold the same as against any other individual claiming such lot, except some one who establishes

a superior right of possession; going so far as to say: "The possession of a trespasser or of an intruder is superior to, and must prevail over, the claims of all who have no superior legal rights to the title or the possession." In view of this decision the contention of appellant that the sale of one of these lots is an abandonment of such citizen's possessory right, and thereby such lands become public domain, and open to the possession of any other Chickasaw citizen, is wholly untenable, and the judgment of the court below, in view of, the evidence in this case, appellant having introduced no evidence whatever, shows that appellee had a superior right to these premises over appellant, which ought to prevail, and the decision of the court below ought to be, and is hereby, affirmed.

CLAYTON and RAYMOND, JJ., concur.