HOLFORD vs JAMES, et al.

Opinion delivered September 23, 1903.

1. *Indian Lands—Conveyance—Rights of Non Citizens.*

One in the possession of Indian lands, not a member of an Indian nation, and claiming the same by virtue of a purchase from an Indian citizen has no title thereto and is subject to be ousted at any time by an Indian citizen having title to the premises.

2. *Indian Lands—Disputed Title—Judgment of Indian Courts—Res Judicata.*

In an action to recover possession of Indian lands, there was evidence showing that the Indian grantor of the defendants acquired the lands by inheritance, under the Indian law, from her deceased husband and transferred the same to another Indian citizen. After the latter's death the widow sought to recover possession of the lands by a suit in Indian courts against the administrator of her deceased grantee, and the Indian court decided in favor of the administrator. *Held*, that such judgment was res judicata as to the widow and her alienees, assignees and tenants.

Appeal from the United States Court for the Southern District.

HOSEA TOWNSEND, Judge.

Action by Virginia C. James and others against G. M. D. Holford. Judgment for plaintiffs. Defendant appeals. Affirmed.

October 25, 1894, the appellees, Virginia C. James, Eula Jamison, and ·J. P. Jamison, for themselves, and J. P. Jamison as next friend of Osie and Doc James, minors, filed in the United States court for the Southern District of the

Indian Territory their complaint at law against G. M. D. Holford, the appellee, and against Gen. Kezar, John Kezar, Isador Phillips, —— Williams, Sam Bridgman, and Mat Holford; and on the 9th day of May, 1899, said plaintiffs filed in said court their second amended complaint. In this complaint plaintiffs allege: "That they are Chickasaw citizens. That they are the owners and entitled to the possession of a tract of land consisting of about 600 acres in cultivation, situated about three miles southeast of Lebanon, Ind. Ter., known as the 'James Farm,' bounded on the south by what is known as the 'Margaret James Farm,' on the north by a pasture known as the 'Orphan Home Pasture,' on the west by Iowana creek. and on the east by House creek. That plaintiffs deraign title to said land as follows (1) That one George D. James, a Chickasaw Indian, took possession of said land, segregated the same from the public domain reduced the same to his possession, and held the same until about the year 1885, when he died. (2) Prior to his death the said George D. James had separated from his wife, Margaret E. James, and had lived apart from her long before his death; that after their separation, and long before his death, he and his said wife had a division of all the property belonging to said George D. James, under which division and settlement his wife received about $15,000 worth of his property, which was more than half the property owned by said James, and which was taken by said Margaret James, his wife, as a final and complete settlement of all claims she had upon the said George D. James, as his wife, in and to any property owned by said James. (3) After the death of George D. James, one Overton Love, by proper authorities of the Chickasaw Nation, was duly appointed administrator of said James' estate. (4) Said James had one son, Simon D. James, whose death preceeded that of George D. James by about 12 hours; that the son left surviving him a wife, Virginia James, and children, Eula Jamison, Osie James, and Doc James, the plaintiffs above named. (5) After the appointment of Love

as administrator, he, said administrator, representing the plaintiffs in this cause, made a settlement with the said Margaret James as to all her claims against the estate of said George D. James, by the terms of which settlement the plaintiffs were to receive the property in controversy herein as their absolute property, free from all claims of said Margaret E. James. (6) That said Love, as administrator, as the representative of plaintiffs and acting for them, took possession of the property in controversy under the terms of said settlement, and held the same as the agent of plaintiffs. (7) Thereafter, on the —— day of ——, 18—, the said Margaret James unlawfully ousted the said Overton Love from the possession of said property, and thereafter brought suit in the district court of the Chickasaw Nation against said Love, as administrator, for the possession of all the said lands in controversy. That said Chickasaw district court had jurisdiction of the parties and of the subject-matter. That said administrator defended said suit, claiming the property as the property of plaintiffs, and defended the suit in their behalf. That upon final hearing in said Chickasaw court said administrator recovered judgment against the said Margaret James for the possession of said land. That said Margaret James thereupon appealed said cause to the Supreme Court of the Chickasaw Nation, where the decision of the lower court was affirmed April 9, 1887. (8) That defendants are citizens of the United States, and are claiming the land in controversy through said Margaret E. James, and that the defendants are bound by the judgments of the said courts of the Chickasaw Nation, and plaintiffs plead the same as res adjudicata. Under subdivision 2 of said complaint, plaintiffs also state that, should the court hold that the defendants are not bound by the judgments of the courts of the Chickasaw Nation, then they state, as the grandchildren and heirs of the said George D. James, they are entitled to recover one-half interest in the property sued for, together with a reasonable compensation for the use

and occupancy of the same during the time the same has been used by defendants; that defendants have had exclusive use and occupancy of said land since January 1, 1894, and that the reasonable annual rental has been the sum of $1,600; and praying for judgment for the recovery of said land, and for use and occupation, and, in the alternative, if the court should hold defendants not bound by said Chickasaw judgments, that, as heirs at law of George D. James, they recover one-half of said land, and judgment for use and occupation thereof at the rate of $800 per per annum from January 1, 1894. The record shows that general and special demurrers were filed to plaintiffs' first amended complaint, and the same demurrer was interposed against the said second amended complaint, and on May 10, 1899, same was presented to and overruled by the court, and defendant excepted. May 10, 1899, defendant, G. M. D. Holford, filed an answer to plaintiffs' second amended complaint, in which he denies that the plaintiffs are the owners and are entitled to the possession of the lands described in the complaint, and admits that George D. James during his lifetime, at one time, for a short time, only, separated from his wife, but denies that he was so separated from his wife at the time of his death, but alleges at the time of the death of George D. James they were living together as husband and wife; admits that George D. James, about three years prior to his death, gave to his wife property amounting to about $6,100, but denies such property was of the value of $15,000, or any such sum; admits that Simon D. James was the only son and child of George D. James, and that said Simon D. James died prior to the death of said George D. James; denies that Overton Love, as administrator of the estate of George D. James, representing the plaintiffs, made a settlement with Margaret James as to all her claims against the estate of George D. James, and that under the terms of such settlement the plaintiffs were to receive the property in controversy as their absolute property, free from all claims of the said Margaret

E. James, and denies that Overton Love, as representative of plaintiffs and acting for them, took possession of all the property in controversy under the terms of said alleged settlement, and held the same as agent of plaintiffs, and denies that thereafter, on the —— day of —— ,18—, Margaret James unlawfully ousted the said Overton Love from the possession of said property, and that she thereafter brought suit in the district court of the Chickasaw Nation against said Love, as administrator, for the possession of all the lands in controversy, and denies that said Love, as administrator, recovered judgment against said Margaret James for the possession of the land in controversy, and that said Margaret E. James appealed from said judgment to the Supreme Court of the Chickasaw Nation, and by its said judgment was affirmed; admits he claims and alleges he deraigns title to the land in controversy through Margaret E. James, but denies he is bound by any judgment rendered in the district, supreme, or other courts of the Chickasaw Nation in a controversy between Overton Love and Margaret James; denies that plaintiffs, as the grandchildren of George D. James, are the heirs at law of said James, and, as such, are entitled to one-half interest in the land sued for, and denies plaintiffs are entitled to a reasonable compensation for the use and occupation thereof by defendants; denies having had exclusive use and occupancy of said land since January 1, 1894, but admits he has had exclusive use and occupancy thereof since January 1, 1895, and denies the reasonable annual rental of said lands since said date has been $1,600, or any such sum. Defendant further pleads permanent improvements in good faith to the amount or value of $4,650. Defendant further pleaded that at the date of the death of George D. James he had no children living; that the said Margaret E. James, his wife, survived him; and that, under the law of descent and distribution of the Chickasaw Nation, the said surviving widow, Margaret E. James, was the sole heir at law of the said George D.

James. Upon the issues thus joined on the 12th day of May, 1899, said cause was tried by a jury, resulting in a verdict for the plaintiffs for the recovery of the land sued for, without rents or damages. On same day the court rendered judgment in conformity with the verdict. May 14, 1899, defendant filed his motion for new trial, which motion on June 27, 1899, was presented to and overruled by the court, and defendant saved his exception. Appeal allowed on same day. Bill of exceptions signed, approved, and filed June 3, 1899, before the adjournment of the term.

*Furman, Herbert & Hill,* for appellant. *Johnson & Cruce,* for appellees.

GILL, C. J. The pleadings show the appellant to be a citizen of the United States, and also show that appellant claims the land in controversy by virtue of a purchase made from Margaret James, the widow of a George D. James, deceased, who was the father-in-law of Virginia C. James, the grandfather of Eula Jamison, Osie James, the plaintiffs. Inasmuch as this court has held repeatedly that a United States citizen could only hold Chickasaw lands under a Chickasaw or Choctaw citizen, and appellant does not claim to hold under such citizen, but to hold in his own right, and by virtue of a purchase from such citizen, we are constrained to hold in this case, at the outset, on the pleadings of the case, that his rights, whatever they are, could only be taken to be those of the rights of a United States citizen in possession of Chickasaw lands, the pleadings showing him to have such possession, and subject to be ousted at any time by virtue of any Chickasaw citizen having title to said premises by due process of law. Sass vs Thomas, 3 Ind. Ter. Rep. 536 (64 S. W. 528); Sass vs Thomas, 4 Ind. Ter. Rep. p. (69 S. W. 893); Ikard vs Minter, 4 Ind. Ter. Rep. p. (69 S. W. 852) Fraer vs Washington, 4 Ind. Ter. Rep. p. (69 S. W. 835); Hockett vs Alston, 110 Fed. 910, 49 C. C. A. 180. It is a rule well estab-

lished that the plaintiff in an action of ejectment must recover, if at all, on the strength of his own title, and not upon the weakness of the title of his adversary. Myers vs Mathis, 2 Ind. Ter. Rep., 3, (46 S. W. 178); Apel vs Kelsey, 47 Ark: 413, 2 S. W. 102.

We might, then, inquire first in this case, what was the title to which appellant claims ownership and the right to ownership to these lands? And if that question can be solved satisfactorily one or other way, plaintiffs' right to recover herein, or not to recover, can be easily determined.

In effect, plaintiffs say that Margaret James released her right in these premises in the settlement made with her husband, their grandfather, upon an agreement of separation. They say that, upon the death of their grandfather, Margaret James made a settlement with Love, as administrator, of her property rights in their grandfather's estate, in which she released to said Love, as administrator and/ agent of plaintiffs, the premises involved herein; that thereafter she again asserted claims to these premises, and ousted said Love from his possession; that she brought suit in the Chickasaw courts for possession of the premises, and said courts found against her claim, and found that the right to the premises was in the plaintiffs, and that she was thereby concluded from asserting any claim or right in and to these premises; and that her alienees or transferees were bound by said judgment, the same being res adjudicata. In other words, the title to this property was tested in the Chickasaw courts, and determined to be in plaintiffs, and upon that adjudication the present plaintiffs rest their title to the premises involved in this controversy.

In the evidence in the case, plaintiffs produced the judgments of the Chickasaw courts, namely, the judgment of the district court of the Chickasaw Nation, and likewise the judgment of the supreme court of the Chickasaw Nation on appeal,

finding the title to the premises in controversy in the plaintiffs in a suit wherein Margaret James was planitiff, and Love, as administrator, was defendant. It is claimed by appellants that said judgments so introduced, were incompetent, for uncertainty, and that defendant in this action is not bound by them, because their effect was supplemented by testimony. The judgment of the district court of the Chickasaw Nation reads as follows "Civil Docket, District Court, Chickasaw Nation. Mrs. Margaret E. James vs Overton Love, Administrator. Disputed Property. G. D. James Estate. Case continued until January term, 1887. July, 1886, called, and set to be called again on the seventeenth. Mutual agreement. 1-4-87. Trial commenced January 18, 1887, and concluded January 27, 1887, and decided in favor of the defendant. Costs assessed against plaintiff thirteen hundred and eighty-nine dollars and fifteen cents. Rents and money, thirteen hundred and forty dollars. Total amount twenty-seven hundred and twenty-nine dollars and fifteen cents. Appeal to the Supreme Court granted." On appeal this case came up before the Supreme Court of the Chickasaw Nation, which court met on Friday, April 8, 1887. "Present: J. B. Harris, Chief Justice, Hon. Sam Love and Simon Seeley, Associate Justices. Court opened case of Mrs. Margaret E. James vs Overton Love, Administrator of G. D. James Estate. Hon. Sam Love was disqualified and in his place Wall Alexander was then qualified as special judge pro tem. to sit in the case. Evidence was introduced. Court adjourned from time to time, hearing the evidence until April 9th, 1887." Court met pursuant to adjournment. Bench all present. The evidence in the case was then concluded, and after some arguments by counsel on both sides the case was submitted to the court for their decison. The court after some deliberation decided that the will is good, and hereby confirms the decision of the lower court. Signed by the several judges, and attested by the clerk. It seems from the evidence in the case that an attempt was made to prove a nuncupative

will of G. D. James' estate before the Chickasaw courts in connection with the agreements and division of property between G. D. James and his wife, Mrs. Margaret E. James. What that will was, does not appear in the testimony herein, except that George James had told several parties that his property was all for Jennie and the children. Jennie was his son's wife.

In the testimony in the case on behalf of the defendant there was introduced, without objection, the following act or statute of the Chickasaw Nation:

"Section 1. Be it enacted by the Legislature of the Chickasaw Nation, that from and after the passage of this act, the property of all persons who die intestate or without a will shall descend to the legal wife or husband and their children.

"Sec. 2. Be it further enacted that in case such deceased person has neither wife nor husband, nor children, his or her grandchildren, if any, shall inherit the estate.

"Sec. 3. Be it further enacted that in case there be no grandchildren, then the brother or sister shall inherit and the next in kin shall be the father or sister of either of them. Be it further enacted that in case such person has neither wife, nor husband, children nor grandchildren, brother or sister, father or mother, then the property shall descend to the half-brothers and sisters of the deceased and their legal issue."

Appellant waives the first four errors assigned, and his first assignment of error is: "(5) The verdict of the jury is contrary to the law, and is not supported by sufficient evidence, in that the evidence shows that at the date of the death of George D. James the said James was the owner of the property designated on the map introduced in evidence as the 'Pasture Place,' and that Margaret E. James, whose title the defendant Holford has and had, was the sole and only heir of said George D. James,

and by inheritance became the sole and only owner of said pasture place." Appellant insists that George D. James died intestate, without issue, his only son having died preceeding him, and left a wife surviving him; that said wife, Margaret E. James, under the Chickasaw statute, as his sole heir, inherited all his property of which he died seised or possessed. We do not think this contention of the appellant can stand in this case If it be conceded that Margaret James was the sole heir of George D. James, deceased, as his widow, under the Chickasaw law, she would then have a right to dispose of this land to any other Chickasaw citizen as she saw fit. It is contended by appellees, both in their pleadings, and with some evidence to support it, that after the death of G. D. James the administrator, Love, had a settlement with her, in which she gave this property to him as administrator of the estate, and as agent of appellees, and that the administrator assumed possession of the property. Not only was this the case, but she thereafter undertook to renounce such disposition of the premises by ousting appellees therefrom, and brought suit in the Chickasaw courts to establish her resumed ownership of said premises, and these courts decided against her, and decided that the premises in controversy belonged to appellees. And we think the question as decided by the Chickasaw courts would be res adjudicata as to Margaret James, and consequently as to her alienees or assignees or tenants. An examination of the court's instruction in this case given to the jury shows that such instructions left to the jury the question as to whether or not the Chickasaw courts had decided the title of the premises in appellees and against Margaret James. The jury, by their verdict, found, on the evidence in the case, that such court had fixed the title in appellees. The court's instructions were fair, there was evidence to support this condition of affairs, and we do not see wherein there was error in the court overruling the motion for a new trial and in pronouncing judgment upon the verdict in favor of appellee; and, while we

(42)

have examined all of the errors complained of, they all turn on the pivotal point of the court's instructions and of requested instructions by appellant, which, in our view of this case as to his relation to these premises, he was not in position to request.

We think the judgment of the court below ought to be affirmed, which action is taken accordingly.

CLAYTON and RAYMOND, JJ., concur.