### SEWELL v. SETTERMAN.

No. 9386—Opinion Filed Sept. 17, 1918.

(175 Pac. 111.)

Evidence—Judicial Notice—Laws of Creek Nation.

The state courts do not take judicial notice of the laws of the Creek Nation. One seeking to enforce a right existing under and by virtue of such laws must plead and prove the law relied on.

(Syllabus by Pryor, C.)

Error from Superior Court, Muskogee County; H. C. Thurman, Judge.

Action by Rentie Sewell, guardian of Eddie Lewis, a minor, against William Setterman. Judgment for defendant, and plaintiff brings error. Affirmed.

S. R. Taylor, for plaintiff in error.

Leopold & Brett, A. G. Cochran, Jay A. Anderson, and L. J. Roach, for defendant in error.

Opinion by PRYOR, C. This action was brought by Rentie Sewell, as guardian of Eddie Lewis, a minor, against William Setterman, to recover 160 acres of land lying in Muskogee county, Okla. The lands involved are the allotment of Hackless Lewis. Hackless Lewis died intestate on the 6th day of September, 1903, leaving no wife, father, mother, or legitimate children or issue of children. The plaintiff Eddie Lewis is the illegitimate child of Hackless Lewis. Eddie Lewis claims that he was legitimated by his father in accordance with the laws of the Creek Nation, and is therefore the legal heir of his father and entitled to inherit the lands in controversy.

The evidence of the plaintiff shows that the father gave the mother of the plaintiff some articles of clothing for him, and at one time gave her $5 in money; also, that he recognized and acknowledged that the child was his own on several occasions. There is no contention that the mother of Eddie Lewis and Hackless Lewis were ever married in accordance with the law or custom, or that they lived together as husband and wife. Plaintiff made no attempt to establish a legitimation by the father, except to show facts which would constitute a legitimation in accordance with the Creek law, and urges

that he has established a legitimation under that law. The laws of the Creek Nation are neither pleaded nor proved by the plaintiff.

Where one relies upon a right created by foreign laws, he must plead and prove such law, and this rule applies to right sought to be established under the laws of the Creek Nation. The courts of this state will not take judicial notice of Creek laws. Walker v. Roberson, 21 Okla. 894, 97 Pac. 609. In the case of Walker v. Roberson, supra, the Supreme Court of the state of Oklahoma says:

"No legitimation or adoption of Ben Walker by his natural father, Edward Walker, is shown by the record. It is true the father contributed to the expense of his clothing and recognized him as his son, but these acts constituted neither an adoption nor a legitimation under the laws of the jurisdiction where this case arose and was tried. Section 2525 of Mansfield's Digest of the Statutes of Arkansas (Ind. T. Ann. St. 1899, § 1823), in force in the Indian Territory, provides that when a man, who had by a woman a child or children, afterwards intermarried with her and recognized such children to be his, they should be deemed and considered legitimate. This was the only way legitimation of an illegitimate child could be effected under the laws in force in the Indian Territory, and no statute providing for the adoption of children existed in that jurisdiction. The adoption of children is a practice unknown to the common law, and a child could be legitimated only by special act of Parliament. Both practices are now regulated in most of the states of the Union by general statutes. If Edward Walker ever adopted or legitimated Ben Walker as his child under any law of the Creek Tribe of Indians, such fact is not made to appear in the record of this case. If there existed any law of the Creek Nation under which the acts of Edward Walker, consisting of his contributing toward the expense of clothing the illegitimate child, Ben Walker, and in his recognizing him as his son, operated as an adoption or legitimation of said child, this court is ignorant of such tribal law. No such law has been pleaded or proved, and this court cannot take judicial knowledge of such law, if it exists. Hockett et al. v. Alston, 110 Fed. 910, 49 C. C. A. 180."

The above case is decisive of the issues presented in the case. The plaintiff having based his right to inherit upon legitimation or adoption in accordance with the laws of the Creek Nation, before he would be entitled to recover he must plead and prove such law. As he failed to do this, he failed to make out a cause of action in his favor against the defendant.

The judgment by the trial court is therefore affirmed.

By the Court: It is so ordered.